1  Katherine A. Bowles (SBN 287426)
   Mark S. Hardiman (SBN 136602)
2  Lee S. Arian (SBN 137306)
   **NELSON HARDIMAN LLP**
3  1100 Glendon Avenue, 14th Floor
   Los Angeles, CA 90024
4  Telephone:   (310) 203-2800
   Facsimile:   (310) 203-2727
5  Email:   kbowles@nelsonhardiman.com
            mhardiman@nelsonhardiman.com
6            larian@nelsonhardiman.com

7  Attorneys for Plaintiff
   JACK WATERS

8

9                    UNITED STATES DISTRICT COURT

10              FOR THE EASTERN DISTRICT OF CALIFORNIA

11

12  UNITED STATES OF AMERICA *ex rel.*    CASE NO.: 19-
    JACK WATERS,

13                                        **FALSE CLAIMS ACT COMPLAINT**
              Plaintiff,
14                                        **FILED IN CAMERA AND UNDER
        v.                                SEAL PURSUANT TO 31 U.S.C. §
15                                        3730(B)(2)**
    ENVISION HEALTHCARE
16  CORPORATION, a Delaware               **JURY TRIAL DEMANDED**
    corporation, AMSURG HOLDINGS,
17  INC., a Delaware corporation, AMSURG
    LLC, a Delaware limited liability
18  company, AMSURG CORP., a
    Tennessee corporation, AMSURG
19  FINANCE, INC., a Tennessee
    corporation, AMSURG ANESTHESIA
20  MANAGEMENT SERVICES, LLC, a
    Tennessee limited liability company,
21  AMSURG NORTH VALLEY
    ANESTHESIA, LLC, a Tennessee
22  limited liability company, NORTH
    VALLEY ENDOSCOPY CENTER,
23  LLC, a Tennessee limited liability
    company, AMSURG ARCADIA
24  ANESTHESIA, LP, a Tennessee limited
    partnership, THE ARCADIA CA
25  ENDOSCOPY ASC, LP, a Tennessee
    limited partnership, ESCONDIDO
26  ANESTHESIA ASSOCIATES, LP, a
    Tennessee limited partnership, THE
27  ESCONDIDO CA ENDOSCOPY ASC,
    LP, a Tennessee limited partnership,
28  FOLSOM ANESTHESIA, LP, a
    Tennessee limited partnership, FOLSOM

FILED

MAY 15 2019

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
        DEPUTY CLERK

2 19 - CV . 0 8 7 3 TLN AC

SEALED

NELSON HARDIMAN LLP
1100 Glendon Avenue, 14th Floor
LOS ANGELES, CALIFORNIA 90024

BY FAX

599086.1

                              1
                          COMPLAINT

NELSON HARDIMAN LLP
1100 Glendon Avenue, 14ᵗʰ Floor
LOS ANGELES, CALIFORNIA 90024

1   ENDOSCOPY CENTER, LLC, a
    Delaware limited liability company,
2   AMSURG FRESNO CA ANESTHESIA,
    LP, a Tennessee limited partnership,
3   CENTRAL CALIFORNIA
    ENDOSCOPY CENTER, LP, a
4   Tennessee limited partnership,
    GLENDORA ANESTHESIA
5   ASSOCIATES, LP, a Tennessee limited
    partnership, THE GLENDORA CA
6   ENDOSCOPY ASC, LP, a Tennessee
    limited partnership, AMSURG MARIN
7   ANESTHESIA, LP, a Tennessee limited
    partnership, MARIN ENDOSCOPY
8   CENTER, LLC, a Tennessee limited
    liability company, LA JOLLA
9   ANESTHESIA ASSOCIATES, LP, a
    Tennessee limited partnership, THE LA
10  JOLLA ENDOSCOPY CENTER, LP, a
    Tennessee limited partnership, USC
11  MURRIETA ANESTHESIA
    ASSOCIATES, LP, a Tennessee limited
12  partnership, TEMECULA CA
    ENDOSCOPY ASC, LP, a Tennessee
13  limited partnership, AMSURG
    OAKLAND ANESTHESIA, LP, a
14  Tennessee limited partnership,
    OAKLAND CA ENDOSCOPY ASC,
15  LP, a Tennessee limited partnership,
    REDDING ANESTHESIA
16  ASSOCIATES, LP, a Tennessee limited
    partnership, GASTROENTEROLOGY
17  ASSOCIATES ENDOSCOPY CENTER,
    LLC, a Tennessee limited liability
18  company, AMSURG SAN LUIS
    OBISPO ANESTHESIA, LLC, a
19  Tennessee limited liability company,
    THE SAN LUIS OBISPO CA
20  ENDOSCOPY ASC, LP, a Tennessee
    limited partnership, USC TEMECULA
21  ANESTHESIA ASSOCIATES, LP, a
    Tennessee limited partnership,
22  TEMECULA CA UNITED SURGERY
    CENTER, LP, a Tennessee limited
23  partnership, AMSURG SOUTH BAY
    ANESTHESIA, LP, a Tennessee limited
24  partnership,  THE ENDOSCOPY
    CENTER OF THE SOUTH BAY, LP, a
25  Tennessee limited partnership,
    CONNECTICUT EYE ANESTHESIA,
26  LLC, a Tennessee limited liability
    company, CONNECTICUT EYE
27  SURGERY CENTER SOUTH, LLC, a
    Tennessee limited liability company,
28  AMSURG STAMFORD ANESTHESIA,

COMPLAINT

NELSON HARDIMAN LLP
1100 Glendon Avenue, 14ᵗʰ Floor
LOS ANGELES, CALIFORNIA 90024

1  LLC, a Tennessee limited liability
   company, DIAGNOSTIC ENDOSCOPY,
2  LLC, a Tennessee limited liability
   company, AMSURG LEWES
3  ANESTHESIA, LLC, a Tennessee
   limited liability company, THE LEWES
4  DE ENDOSCOPY ASC, LLC, a
   Tennessee limited liability company,
5  AMSURG ALTAMONTE SPRINGS
   ANESTHESIA, LLC, a Tennessee
6  limited liability company, THE
   ALTAMONTE SPRINGS FL
7  ENDOSCOPY ASC, LLC, a Tennessee
   limited liability company, AMSURG
8  MELBOURNE ANESTHESIA, LLC, a
   Tennessee limited liability company,
9  THE MELBOURNE ASC, LP, a
   Tennessee limited partnership,
10 ANESTHESIA ASSOCIATES OF
   OCALA, LLC, a Tennessee limited
11 liability company, THE OCALA
   ENDOSCOPY ASC, LP, a Tennessee
12 limited partnership, AMSURG CITRUS
   ANESTHESIA, LLC, a Tennessee
13 limited liability company, The Orlando
   FL Endoscopy ASC, LLC, a Tennessee
14 limited liability company, ORLANDO
   MILLS ANESTHESIA ASSOCIATES,
15 LLC,  a Tennessee limited liability
   company, ORLANDO/MILLS FL
16 ENDOSCOPY ASC, LLC, a Tennessee
   limited liability company, AMSURG
17 PORT ORANGE ANESTHESIA, LLC, a
   Tennessee limited liability company,
18 SURGERY CENTER OF VOLUSIA,
   LLC, a Tennessee limited liability
19 company, PORT ST. LUCIE
   ANESTHESIA, LLC, a Tennessee
20 limited liability company, HILLMOOR
   EYE SURGERY CENTER, LLC, a
21 Tennessee limited liability company,
   AMSURG ROCKLEDGE FL
22 ANESTHESIA, LLC, a Tennessee
   limited liability company, THE
23 ROCKLEDGE FL ENDOSCOPY ASC,
   LLC, a Tennessee limited liability
24 company, AMSURG TAMPA BAY
   ANESTHESIA, LLC, a Tennessee
25 limited liability company, THE TAMPA
   FL ENDOSCOPY ASC, LLC, a
26 Tennessee limited liability company,
   AMSURG OAK LAWN IL
27 ANESTHESIA, LLC, a Tennessee
   limited liability company, OAK LAWN
28 IL ENDOSCOPY ASC, LLC, a

599086.1

3

Tennessee limited liability company,
AMSURG INDIANAPOLIS
ANESTHESIA, LLC, a Tennessee
limited liability company, NORTHSIDE
GASTROENTEROLOGY
ENDOSCOPY CENTER, LLC, an
Indiana limited liability company, THE
WESTGLEN ENDOSCOPY CENTER,
LLC, a Tennessee limited liability
company, LOUISVILLE EYE
ANESTHESIA, LLC, a Tennessee
limited liability company, EYE
CENTERS OF LOUISVILLE, PSC, a
Kentucky professional services
corporation, EASTON ANESTHESIA
ASSOCIATION, LLC, a Tennessee
limited liability company, EASTERN
SHORE ENDOSCOPY, LLC, a
Tennessee limited liability company,
MARYLAND ENDOSCOPY
ANESTHESIA, LLC, a Tennessee
limited liability company, MARYLAND
ENDOSCOPY CENTER, LLC, a
Maryland limited liability company,
AMSURG WESTMINSTER
ANESTHESIA, LLC, a Tennessee
limited liability company, CARROLL
COUNTY DIGESTIVE DISEASE
CENTER, LLC, a Tennessee limited
liability company, LOWELL
ANESTHESIA ASSOCIATES, PLLC, a
Tennessee professional limited liability
company, NORTHEAST ENDOSCOPY
CENTER, LLC, a Tennessee limited
liability company, PIONEER
SEDATION, PLLC, a Tennessee
professional limited liability company,
PIONEER VALLEY SURGICENTER,
LLC, a Tennessee limited liability
company, AMSURG MDSINE
ANESTHESIA, LLC, a Tennessee
limited liability company, MDSINE,
LLC, a Tennessee limited liability
company, ANESTHESIA ASSOCIATES
OF JOPLIN, LLC, a Tennessee limited
liability company, 32ND STREET
SURGERY CENTER, LLC, a Tennessee
limited liability company, AMSURG
GREENSBORO ANESTHESIA, LLC, a
Tennessee limited liability company,
THE GREENSBORO NC ENDOSCOPY
ASC, LLC, a Tennessee limited liability
company, AMSURG CINCINNATI
ANESTHESIA, LLC, a Tennessee
limited liability company, THE

NELSON HARDIMAN LLP
1100 Glendon Avenue, 14ᵗʰ Floor
LOS ANGELES, CALIFORNIA 90024

599086.1

NELSON HARDIMAN LLP
1100 Glendon Avenue, 14ᵗʰ Floor
LOS ANGELES, CALIFORNIA 90024

1   CINCINNATI ASC, LLC, a Tennessee
    limited liability company, AMSURG
2   WILLOUGHBY ANESTHESIA, LLC, a
    Tennessee limited liability company,
3   THE WILLOUGHBY ASC, LLC, a
    Tennessee limited liability company,
4   AMSURG TOLEDO ANESTHESIA,
    LLC, a Tennessee limited liability
5   company, THE TOLEDO ENDOSCOPY
    ASC, LLC, a Tennessee limited liability
6   company, THE OKLAHOMA CITY
    ASC, LLC, a Tennessee limited liability
7   company, ANESTHESIA ASSOCIATES
    OF OKLAHOMA, PLLC, a Tennessee
8   professional limited liability company,
    THE TULSA OK ENDOSCOPY ASC,
9   LLC, a Tennessee limited liability
    company, SPRINGFIELD OR
10  ANESTHESIA ASSOCIATES, LLC, a
    Tennessee limited liability company,
11  CASCADE ENDOSCOPY CENTER,
    LLC, a Tennessee limited liability
12  company, FORTY FORT ANESTHESIA
    ASSOCIATES, LLC, a Tennessee
13  limited liability company, SURGICAL
    SPECIALTY CENTER OF
14  NORTHEASTERN PENNSYLVANIA,
    LLC, a Tennessee limited liability
15  company, WEST CHESTER
    ANESTHESIA, LLC, a Tennessee
16  limited liability company, WEST
    CHESTER ENDOSCOPY, LLC, a
17  Tennessee limited liability company,
    RGAL ANESTHESIA SERVICES, LLC,
18  a Pennsylvania limited liability company,
    PROFESSIONAL ANESTHESIA
19  ASSOCIATES, LLC, a Pennsylvania
    limited liability company, THE
20  POTTSVILLE PA ENDOSCOPY ASC,
    LP,  a Tennessee limited partnership,
21  AMSURG COLUMBIA ANESTHESIA,
    LLC, a Tennessee limited liability
22  company, THE COLUMBIA ASC
    NORTHWEST, LLC, a Tennessee
23  limited liability company, AMSURG
    GREENVILLE ANESTHESIA, LLC, a
24  Tennessee limited liability company,
    THE GREENVILLE ASC, LLC., a
25  Tennessee limited liability company,
    AMSURG CHATTANOOGA
26  ANESTHESIA, LLC, a Tennessee
    limited liability company, THE
27  CHATTANOOGA ENDOSCOPY ASC,
    LLC, a Tennessee limited liability
28  company, ANESTHESIA ASSOCIATES

1  OF COLUMBIA TN, LLC, a Tennessee
   limited liability company, THE
2  COLUMBIA TN ENDOSCOPY ASC,
   LLC, a Tennessee limited liability
3  company, AMSURG HERMITAGE
   ANESTHESIA, LLC, a Tennessee
4  limited liability company, HERMITAGE
   TN ENDOSCOPY ASC, LLC, a
5  Tennessee limited liability company,
   KINGSPORT ANESTHESIA
6  ASSOCIATES, LLC, a Tennessee
   limited liability company, THE
7  KINGSPORT TN OPHTHALMOLOGY
   ASC, LLC, a Tennessee limited liability
8  company, AMSURG ABILENE
   ANESTHESIA, LLC, a Tennessee
9  limited liability company, ABILENE
   ENDOSCOPY CENTER, LP, a
10 Tennessee limited partnership,
   ANESTHESIA ASSOCIATES OF
11 BRYAN, LLC, a Tennessee limited
   liability company, CENTRAL TEXAS
12 ENDOSCOPY CENTER, LLC, a
   Tennessee limited liability company, EL
13 PASO ANESTHESIA ASSOCIATES,
   LLC, a Tennessee limited liability
14 company, THE EL PASO ASC, LP, a
   Tennessee limited partnership,
15 WOODLANDS ANESTHESIA
   ASSOCIATES, LLC, a Tennessee
16 limited liability company, THE
   SHENANDOAH TX ENDOSCOPY
17 ASC, LLC, a Tennessee limited liability
   company, AMSURG ST. GEORGE
18 ANESTHESIA, LLC, a Tennessee
   limited liability company, ST. GEORGE
19 ENDOSCOPY CENTER, LLC, a
   Tennessee limited liability company,
20
                Defendants.
21

22     Plaintiff United States of America, by and through Relator Jack Waters,
23
   alleges as follows:
24
                         **INTRODUCTION**
25
       1.    Relator brings this action on behalf of the United States against
26
   ENVISION HEALTHCARE CORPORATION'S ("ENVISION") Ambulatory
27
   Services Division, which owns and manages approximately 260 ambulatory
28

NELSON HARDIMAN LLP
1100 Glendon Avenue, 14th Floor
LOS ANGELES, CALIFORNIA 90024

surgery centers ("ASCs") in the United States in partnership with physicians who perform surgeries on their patients there ("ASC Physician Owners") (collectively, the "AMSURG ASCs").

2.     Since at least 2012 and continuing through the present, ENVISION, through its network of AMSURG ASCs, has been knowingly submitting or causing to be submitted false and fraudulent claims and statements to Medicare and TRICARE for anesthesia services that were the result of illegal remuneration (i.e., kickbacks) to ENVISION and the ASC Physician Owners. This scheme is perpetuated through a series of anesthesia management companies owned by the ASC Physician Owners and ENVISION (collectively, the "AMSURG Anesthesia Companies") that contract with independent licensed anesthesia providers to provide anesthesia services in exchange for signing over their right to anesthesia reimbursement. As a condition of obtaining access to anesthesia referrals at one of the AMSURG ASCs, the anesthesia providers are required to accept a per diem rate for their services that is far below the anesthesia revenue generated and are required to "kickback" the remaining anesthesia profit to ENVISION.

3.     At several of the AMSURG ASCs, ENVISION engages in a further "kickback" scheme by sharing a portion of this anesthesia revenue with the ASC Physician Owners in exchange for their referrals to the AMSURG ASCs.   In this way, many of the AMSURG ASCs have also been knowingly submitting or causing to be submitted false and fraudulent claims and statements to Medicare and TRICARE for surgical services and facility fees that were the result of illegal remuneration (i.e., kickbacks) to ENVISION and the ASC Physician Owners.

## JURISDICTION AND VENUE

4.     This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331, 1345, and 3732.  The Court may exercise personal jurisdiction over Defendants under 31 U.S.C. § 3732(a) because the FCA authorizes nationwide service of process, Defendants ENVISION and its Ambulatory Services Division conduct

NELSON HARDIMAN LLP
1100 Glendon Avenue, 14th Floor
LOS ANGELES, CALIFORNIA 90024

1   business in this District, and the other Defendants are related U.S. corporations,
2   companies and partnerships that transact business in and have the required minimal
3   contacts with the United States.

4       5.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)-(c)
5   and 31 U.S.C. § 3732(a) because Defendants ENVISION and its Ambulatory
6   Services Division transact business in this District, Defendants Central California
7   Endoscopy Center, LP and AMSURG Fresno CA Anesthesia, LP, Folsom
8   Anesthesia, LP, and Folsom Endoscopy Center, LLC are located in this district,
9   and ENVISION'S Ambulatory Services Division's paid kickbacks to ASC
10   Physician Owners in part in this District.

11      6.      Relator is an original source as defined by 31 U.S.C. § 3730(e)(4)(B)
12   and voluntarily disclosed to the United States the information on which the
13   allegations and transactions described in this action are based prior to the filing of
14   this action.

15                                  **PARTIES**

16   **A.   Plaintiff and Relator**

17      7.      Relator brings this FCA action on behalf of Plaintiff United States and
18   its agency, the United States Department of Health and Human Services ("DHHS")
19   and its component, the Center for Medicare & Medicaid Services ("CMS"), which
20   administer the Medicare Program, a federal healthcare program that provides
21   health insurance to persons who are aged 65 and over or who have certain
22   disabilities.  At all times material to this action, DHHS-CMS administered Part B
23   of the Medicare program, which paid benefits from funds provided by the Federal
24   Government, including payment of claims to AMSURG ASCs, ASC Physician
25   Owners, and AMSURG Anesthesia Companies for their provision of ASC services
26   to Medicare patients.

27      8.      Relator also brings this action on behalf of the United States and its
28   agency, the United States Department of Defense's ("USDOD") Military Health

NELSON HARDIMAN LLP
1100 Glendon Avenue, 14ᵗʰ Floor
LOS ANGELES, CALIFORNIA 90024

599086.1

COMPLAINT

1   System and its components, the Defense Health Agency ("DHA") and, prior to

2   October 2013, the Tricare Management Activity ("TMA"), which administer the

3   TRICARE program, a federal healthcare program that provides civilian health

4   insurance to U.S. military members, retirees and their dependents.  At all times

5   material to this action, USDOD's DHA or TMA administered the TRICARE

6   program, which paid benefits from funds provided by the Federal Government,

7   including payment of claims to AMSURG ASCs, ASC Physician Owners, and

8   AMSURG Anesthesia Companies for their provision of ASC servicers to

9   TRICARE patients.

10       9.    Relator Jack Waters is a resident of St. George, Utah and a licensed

11   certified registered nurse anesthetist ("CRNA") in good standing in the State of

12   Utah.  Between April 9, 2012 and the present, Relator has been a CRNA

13   independent contractor for Defendant AmSurg St. George Anesthesia, LLC, an

14   AMSURG Anesthesia Company, and has provided anesthesia services for ASC

15   patients at Defendant St. George Endoscopy Center LLC, an AMSURG ASC.  As

16   a CRNA contracted with an AMSURG Anesthesia Company, Waters has direct

17   insider knowledge of the  kickback scheme perpetrated by ENVISION's

18   Ambulatory Services Division, including the schemes set forth herein and the

19   exclusive right of Defendant AmSurg St. George Anesthesia, LLC (owned by

20   ENVISION's Ambulatory Services Division and the physician owners of

21   Defendant St. George Endoscopy Center LLC) to provide anesthesia services to St.

22   George Endoscopy Center LLC's patients using contracted CRNAs paid on a per

23   diem rate, to bill and collect the higher reimbursement for anesthesia services paid

24   by the patients' healthcare plans and programs, and then to split the resulting

25   profits from the anesthesia services with the AMSURG ASC physician owners

26   who referred the patients to Defendant St. George Endoscopy Center LLC and

27   AmSurg St. George Anesthesia, LLC.

28       **B.**   **Defendants ENVISION and AMSURG**

NELSON HARDIMAN LLP
1100 Glendon Avenue, 14th Floor
LOS ANGELES, CALIFORNIA 90024

1        10.    Defendant ENVISION is a Delaware corporation with its principal
2   place of business and headquarters located at 1A Burton Hills Boulevard in
3   Nashville, Tennessee. ENVISION provides a variety of hospital-based physician
4   staffing and related management services.   Beginning with ENVISION's
5   December 2016 merger with Defendant AMSURG CORP., ENVISION acquired
6   the Ambulatory Services Division, which manages and has ownership interests in
7   approximately 260 ASCs in 35 states and the District of Columbia. ENVISION
8   also has ownership interests in the AMSURG Anesthesia Companies that provide
9   anesthesia services to the AMSURG ASCs that are affiliated with those
10  companies.   In October 2018, ENVISION was acquired by KKR & Co. Inc.,
11  which took the company private.

12       11.    ENVISION's Ambulatory Services Division, located at ENVISION's
13  headquarters, includes Defendants AMSURG CORP., AMSURG HOLDINGS,
14  INC.,   AMSURG,   LLC,   AMSURG   FINANCE,   INC.,   and   AMSURG
15  ANESTHESIA MANAGEMENT, LLC and various other subsidiary companies
16  (collectively, with ENVISION, hereinafter referred to as "AMSURG").   The
17  President of AMSURG is Phillip Clendenin.

18       12.    Defendant AMSURG CORP. is a Tennessee corporation with its
19  principal place of business listed as AMSURG's Nashville Tennessee address.
20  Although AMSURG CORP. merged with ENVISION in December 2016, prior to
21  that time and continuing through to the present, AMSURG CORP. operated the
22  Ambulatory Services Division.

23       13.    Defendant AMSURG HOLDINGS, INC. is a Delaware corporation,
24  with its principal place of business listed as AMSURG's Nashville Tennessee
25  address, which hold AMSURG's ownership interests in many of the AMSURG
26  ASCs and AMSURG Anesthesia Companies and is a subsidiary of ENVISION.
27  Before July 2014, Defendant AMSURG HOLDINGS, INC. was a Tennessee for
28  profit corporation, which merged into the Delaware corporation of the same name.

NELSON HARDIMAN LLP
1100 Glendon Avenue, 14ᵗʰ Floor
LOS ANGELES, CALIFORNIA 90024

NELSON HARDIMAN LLP
1100 Glendon Avenue, 14th Floor
LOS ANGELES, CALIFORNIA 90024

14.     Defendant AMSURG, LLC, is a Delaware limited liability company, with its principal place of business listed as AMSURG's Nashville Tennessee address, which manages the AMSURG Anesthesia Companies, including the negotiation and payment of the contracted anesthesia providers' per diem rates.

**C.     Defendant AMSURG ASCs and AMSURG Anesthesia Companies**

15.     Each Defendant AMSURG ASC is Medicare-certified and submits claims to Medicare and TRICARE through its National Provider Identifier ("NPI") for the identified practice location.

16.     Defendant St. George Endoscopy Center LLC is a "for profit" Tennessee limited liability company with its principal place of business as AMSURG's Nashville, Tennessee address. Its application for an NPI necessarily included the following information:

- NPI Authorized Official: Phillip Clendenin, AMSURG President
- NPI Practice Location: 368 E Riverside Dr, Suite B, St. George, Utah
- Members and owners: Defendant AMSURG Holdings, Inc. and St. George Gastroenterology Partners LLC, a medical physician practice group, which included as members various ASC Physician Owners, including James Bown, M.D., Roger Siddoway, M.D., Lee J. Hixson, M.D., and Christoph Woerlein, M.D, all of whom are board certified gastroenterologists.

17.     Defendant AmSurg St. George Anesthesia, LLC, is a "for profit" Tennessee limited liability company with its principal place of business listed as AMSURG's Nashville Tennessee address. Its application for an NPI necessarily included the following information:

- NPI Authorized Official: Phillip Clendenin, AMSURG President
- NPI Practice Location: Defendant St. George Endoscopy Center LLC
- Member: Defendant St. George Endoscopy Center LLC

18.     Defendant North Valley Endoscopy Center, LLC   is a "for profit"

1  Tennessee limited liability company with its principal place of business listed as
2  AMSURG's Nashville, Tennessee address.  Its application for an NPI necessarily
3  included the following information:

4       • NPI Authorized Official:  Phillip Clendenin, AMSURG President
5       • NPI Practice Location:  15255 North 40th Street, Building 8, Phoenix,
6         Arizona
7       • Managing member:  Defendant AMSURG Holdings, Inc.

8       19.    Defendant AmSurg North Valley Anesthesia, LLC is a "for profit"
9  Tennessee limited liability company with its principal place of business listed as
10 AMSURG's Nashville, Tennessee address. Its application for an NPI necessarily
11 included the following information:

12      • NPI Authorized Official: Phillip Clendenin, AMSURG President
13      • NPI Practice Location:  Defendant North Valley Endoscopy Center,
14        LLC
15      • Member:  Defendant North Valley Endoscopy Center, LLC

16      20.    Defendant The Arcadia CA Endoscopy ASC, LP doing business as
17 Valley Digestive Health Center is a "for profit" Tennessee limited partnership with
18 its principal place of business listed as AMSURG's Nashville, Tennessee address.
19 Its application for an NPI necessarily included  the following information:

20      • NPI Authorized Official:  Phillip Clendenin, AMSURG President
21      • NPI Practice Location: 488 East Santa Clara Street, Suite 102,
22        Arcadia, California
23      • General Partner:  AmSurg Arcadia CA, Inc. (a Tennessee corporation
24        whose President is Phillip Clendenin – the AMSURG President)

25      21.    Defendant AmSurg Arcadia Anesthesia, LP is a "for profit"
26 Tennessee limited partnership with its principal place of business listed as
27 AMSURG's Nashville, Tennessee address. Its application for an NPI necessarily
28 included the following information:

NELSON HARDIMAN LLP
1100 Glendon Avenue, 14ᵗʰ Floor
LOS ANGELES, CALIFORNIA 90024

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- NPI Authorized Official: Billie Payne, AMSURG Senior VP-Operations
- NPI Practice Location: Defendant The Arcadia CA Endoscopy ASC, LP doing business as Valley Digestive Health
- General Partner: AmSurg Arcadia CA, Inc. (a Tennessee corporation whose President is Phillip Clendenin – the AMSURG President)

22.  Defendant Central California Endoscopy Center, LP is a "for profit" Tennessee limited partnership with its principal place of business listed as AMSURG's Nashville, Tennessee address.  Its application for an NPI necessarily included the following information:

- NPI Authorized Official: Phillip Clendenin, AMSURG President
- NPI Practice Location: 7055 North Fresno Street, Suite 100, Fresno, California.
- General Partner: AmSurg Fresno Endoscopy, Inc. (a Tennessee corporation whose President is Phillip Clendenin – the AMSURG President)

23.  Defendant AmSurg Fresno CA Anesthesia, LP is a "for profit" Tennessee limited partnership with its principal place of business listed as AMSURG's Nashville, Tennessee address.  Its application for an NPI necessarily included the following information:

- NPI Authorized Official: Phillip Clendenin, AMSURG President
- NPI Practice Location: Defendant Central California Endoscopy Center, LP
- General Partner: AmSurg Fresno Endoscopy, Inc. (a Tennessee corporation whose President is Phillip Clendenin – the AMSURG President)

24.  Defendant The Endoscopy Center of the South Bay, LP dba Surgery Center of South Bay is a "for profit" Tennessee limited partnership with is

599086.1

13

COMPLAINT

NELSON HARDIMAN LLP
1100 Glendon Avenue, 14ᵗʰ Floor
LOS ANGELES, CALIFORNIA 90024

1   principal place of business listed as AMSURG's Nashville, Tennessee address.  Its
2   application for an NPI necessarily included the following information:

3   • NPI Authorized Official:  Philip Clendenin, AMSURG President

4   • NPI Practice Location:  23560 Madison Street, Suite 109, Torrance,
5   California

6   • General Partner: AmSurg Torrance, Inc. (a Tennessee corporation
7   whose President is Phillip Clendenin – the AMSURG President)

8   25.    Defendant AmSurg South Bay Anesthesia, LP is a "for profit"
9   Tennessee limited partnership with its principal place of business listed as
10   AMSURG's Nashville, Tennessee address.  Its application for an NPI necessarily
11   included the following information:

12   • NPI Authorized Official:  Philip Clendenin, AMSURG President

13   • NPI Practice Location: Defendant The Endoscopy Center of the South
14   Bay dba Surgery Center of South Bay

15   • General Partner: AmSurg Torrance, Inc. (a Tennessee corporation
16   whose President is Phillip Clendenin – the AMSURG President)

17   26.    Defendant Temecula CA United Surgery Center, LP dba United
18   Surgery Center – Temecula, is a "for profit" Tennessee limited partnership with its
19   principal place of business listed as AMSURG's Nashville, Tennessee address.  Its
20   application for an NPI necessarily included the following information:

21   • NPI Authorized Official:  Philip Clendenin, AMSURG President

22   • NPI Practice Location:   31469 Rancho Pueblo Road, Suite 100,
23   Temecula, California

24   • General Partner AmSurg Temecula II, Inc. (a Tennessee corporation
25   whose President is Phillip Clendenin – the AMSURG President).

26   27.    Defendant AmSurg Temecula Anesthesia Associates, LP is a "for
27   profit" Tennessee limited partnership with its principal place of business listed as
28   AMSURG's Nashville, Tennessee address.  Its application for an NPI necessarily

14

COMPLAINT

NELSON HARDIMAN LLP
1100 Glendon Avenue, 14ᵗʰ Floor
LOS ANGELES, CALIFORNIA 90024

1   included the following information:

2   • NPI Authorized Official:  Philip Clendenin, AMSURG President

3   • NPI Practice Location:   Defendant Temecula CA United Surgery

4   Center, LP dba United Surgery Center – Temecula

5   • General Partner: USC Temecula Holding, GP, LLC whose Manager is

6   Clint Cromwell (former AMSURG VP and Deputy General Counsel)

7   28.   Defendant Temecula CA Endoscopy ASC, LP dba Temecula Valley

8   Endoscopy Center is a "for profit" Tennessee limited partnership with its principal

9   place of business listed as AMSURG's Nashville, Tennessee address.   Its

10   application for an NPI necessarily included the following information:

11   • NPI Authorized Official: Philip Clendenin, AMSURG President

12   • NPI Practice Location: 25150 Hancock Avenue, Suite 208, Murrieta,

13   California

14   • General Partner: USC Murrieta Holding GP, LLC, a Tennessee

15   limited liability company whose Manager is Clint Cromwell (former

16   AMSURG VP and Deputy General Counsel)

17   29.   Defendant USC Murrieta Anesthesia Associates, LP is a "for profit"

18   Tennessee limited partnership with its principal place of business listed as

19   AMSURG's Nashville, Tennessee address.  Its application for an NPI necessarily

20   included the following information:

21   • NPI Authorized Official: Philip Clendenin, AMSURG President

22   • NPI Authorized Location: Defendant Temecula Valley Endoscopy

23   ASC, LP dba Temecula Valley Endoscopy Center.

24   • General Partner:  USC Murrieta Holding GP, LLC, whose Manager is

25   Clint Cromwell (former AMSURG VP and Deputy General Counsel)

26   30.   Defendant The Escondido CA Endoscopy ASC, LP dba Parkway

27   Endoscopy Center is a "for profit" Tennessee limited partnership with its principal

28   place of business listed as AMSURG's Nashville, Tennessee address.   Its

NELSON HARDIMAN LLP
1100 Glendon Avenue, 14ᵗʰ Floor
LOS ANGELES, CALIFORNIA 90024

1   application for an NPI necessarily included the following information:

2   • NPI Authorized Official: Philip Clendenin, AMSURG President

3   • NPI Practice Location: 488 East Valley Parkway, Escondido,
4     California

5   • General Partner:   AmSurg Escondido CA, Inc. (a Tennessee
6     corporation whose President is Phillip Clendenin – the AMSURG
7     President)

8   31.   Defendant Escondido Anesthesia Associates, LP is a "for profit"
9   Tennessee limited partnership with its principal place of business listed as
10  AMSURG's Nashville, Tennessee address. Its application for an NPI necessarily
11  included the following information:

12  • NPI Authorized Official: Alina Logan, AMSURG VP – Revenue
13    Management

14  • NPI Practice Location:   Defendant The Escondido CA Endoscopy
15    ASC, LP dba Parkway Endoscopy Center

16  • General Partner:   AmSurg Escondido CA, Inc. (a Tennessee
17    corporation whose President is Phillip Clendenin – the AMSURG
18    President)

19  32.   Defendant The San Luis Obispo CA Endoscopy ASC, LP dba
20  Endoscopy Center of the Central Coast is a "for profit" Tennessee limited
21  partnership with its principal place of business listed as AMSURG's Nashville,
22  Tennessee address. Its application for an NPI necessarily included the following
23  information:

24  • NPI Authorized Official: Philip Clendenin, AMSURG President

25  • NPI Practice Location: 77 Casa Street, Suite 106, San Luis Obispo,
26    California

27  • General Partner:   AmSurg San Luis Obispo CA, Inc. (a Tennessee
28    corporation whose President is Phillip Clendenin – the AMSURG

NELSON HARDIMAN LLP
1100 Glendon Avenue, 14th Floor
LOS ANGELES, CALIFORNIA 90024

16

President)

33.    Defendant AmSurg San Luis Obispo Anesthesia, LLC is a "for profit" Tennessee limited liability company with its principal place of business listed as AMSURG's Nashville, Tennessee address.  Its application for an NPI necessarily included  the following information:

- NPI Authorized Official: Philip Clendenin, AMSURG President
- NPI Practice Location: Defendant The San Luis Obispo CA Endoscopy ASC, LP dba Endoscopy Center of the Central Coast
- General Partner:  AmSurg San Luis Obispo CA, Inc. (a Tennessee corporation whose President is Phillip Clendenin – the AMSURG President)

34.    Defendant Marin Endoscopy Center, LLC is a "for profit" Tennessee limited liability company with its principal place of business listed as AMSURG's Nashville, Tennessee address.  Its application for an NPI necessarily included  the following information:

- NPI Authorized Official: Philip Clendenin, AMSURG President
- NPI Practice Location: 1100 South Eliseo Drive, Suite 3, Greenbrae, California
- Manager:  Phillip Clendenin, AMSURG President

35.    Defendant AmSurg Marin Anesthesia, LP is a "for profit" Tennessee limited liability company with its principal place of business listed as AMSURG's Nashville, Tennessee address.  Its application for an NPI necessarily included  the following information:

- NPI Authorized Official:  Phillip Clendenin, AMSURG President
- NPI Practice Location: Defendant Marin Endoscopy Center, LLC
- General Partner:  AMSURG Holdings, Inc. whose Vice President is Clint Cromwell (former AMSURG VP and Deputy General Counsel)

36.    Defendant The La Jolla Endoscopy Center, LP is a "for profit"

NELSON HARDIMAN LLP
1100 Glendon Avenue, 14ᵗʰ Floor
LOS ANGELES, CALIFORNIA 90024

599086.1

Tennessee limited liability company with its principal place of business listed as AMSURG's Nashville, Tennessee address.  Its application for an NPI necessarily included the following information:

- NPI Authorized Official:  Phillip Clendenin, AMSURG President
- NPI Practice Location:  9850 Genesee Avenue, La Jolla, California
- General Partner:  AmSurg La Jolla, Inc. (a Tennessee corporation whose President is Phillip Clendenin – the AMSURG President)

37.   Defendant La Jolla Anesthesia Associates, LP is a "for profit" Tennessee limited liability company with its principal place of business listed as AMSURG's Nashville, Tennessee address.  Its application for an NPI necessarily included the following information:

- NPI Authorized Official:  Phillip Clendenin, AMSURG President
- NPI Practice Location: Defendant The La Jolla Endoscopy Center, LP
- General Partner: La Jolla Holding GP, LLC (a Tennessee limited liability company whose member is La Jolla Endoscopy Center LP)

38.   Defendant The Oakland CA Endoscopy ASC, LP dba East Bay Endosurgery Center is a "for profit" Tennessee limited liability company with its principal place of business listed as AMSURG's Nashville, Tennessee address.  Its application for an NPI necessarily included the following information:

- NPI Authorized Official:  Phillip Clendenin, AMSURG President
- NPI Practice Location: 300 Frank Ogawa Plaza, Oakland, California
- General Partner: AmSurg Oakland CA, Inc. (a Tennessee corporation whose President is Phillip Clendenin – the AMSURG President)

39.   Defendant AmSurg Oakland Anesthesia, LP is a "for profit" Tennessee limited liability company with its principal place of business listed as AMSURG's Nashville, Tennessee address.  Its application for an NPI necessarily included the following information:

NELSON HARDIMAN LLP
1100 Glendon Avenue, 14th Floor
LOS ANGELES, CALIFORNIA 90024

1    • NPI Authorized Official: Phillip Clendenin, AMSURG President

2    • NPI Practice Location: Defendant The Oakland CA Endoscopy ASC,

3      LP dba East Bay Endosurgery Center

4    • General Partner: AmSurg Oakland CA, Inc. (a Tennessee corporation

5      whose President is Phillip Clendenin – the AMSURG President)

6    40.    Defendant Gastroenterology Associates Endoscopy Center, LLC dba

7  Redding Endoscopy Center is a "for profit" Tennessee limited liability company

8  with its principal place of business listed as AMSURG's Nashville, Tennessee

9  address. Its application for an NPI necessarily included the following information:

10    • NPI Authorized Official: Phillip Clendenin, AMSURG President

11    • NPI Practice Location: 2179 Court Street, Redding, California

12    • Members and Owners: AMSURG Holdings, Inc. and Redding

13      Gastroenterology LLC, a "for profit" Tennessee limited liability

14      company (whose manager/members of Bret Nicholas Namihas, MD,

15      G. Naresh Reddy, MD, and Piyush K. Dhanuka, MD)

16    41.    Defendant Redding Anesthesia Associates, LP is a "for profit"

17  Tennessee limited liability company with its principal place of business listed as

18  AMSURG's Nashville, Tennessee address. Its application for an NPI necessarily

19  included the following information:

20    • NPI Authorized Official: Phillip Clendenin, AMSURG President

21    • NPI Practice Location:    Defendant Gastroenterology Associates

22      Endoscopy Center, LLC dba Redding Endoscopy Center

23    • General Partner: Defendant Gastroenterology Associates Endoscopy

24      Center, LLC dba Redding Endoscopy Center (Vice President is Justin

25      Page, the current VP and Deputy General Counsel of AMSURG)

26    42.    Defendant The Glendora CA Endoscopy ASC, LP dba Glendora

27  Digestive Disease Institute is a "for profit" Tennessee limited liability company

28  with its principal place of business listed as AMSURG's Nashville, Tennessee

NELSON HARDIMAN LLP
1100 Glendon Avenue, 14th Floor
LOS ANGELES, CALIFORNIA 90024

1   address. Its application for an NPI necessarily included the following information:

2       • NPI Authorized Official: Phillip Clendenin, AMSURG President

3       • NPI Practice Location: 1794 South Barranca Avenue, Glendora,

4         California

5       • General Partner: AmSurg Glendora CA, Inc. (a Tennessee

6         corporation whose President is Phillip Clendenin – the AMSURG

7         President)

8       43. Defendant Glendora Anesthesia Associates, LP is a "for profit"

9   Tennessee limited liability company with its principal place of business listed as

10   AMSURG's Nashville, Tennessee address. Its application for an NPI necessarily

11   included the following information:

12       • NPI Authorized Official: Phillip Clendenin, AMSURG President

13       • NPI Practice Location: Defendant Glendora CA Endoscopy ASC, LP

14       • General Partner: Gastroenterology Associates Endoscopy Center,

15   LLC, a "for profit" Tennessee limited liability company whose members are

16   AMSURG Holdings, Inc. (VP is Clint Cromwell, former VP and Deputy General

17   Counsel of AMSURG) and Redding Gastroenterology LLC, a "for profit"

18   Tennessee limited liability company (whose managers/members of Bret Nicholas

19   Namihas, M.D., G. Naresh Reddy, M.D., and Piyush K. Dhanuka, M.D.)

20       44. Defendant Folsom Endoscopy Center, LLC dba Folsom Sierra

21   Endoscopy Center is a "for profit" Delaware limited liability company with its

22   principal place of business listed as AMSURG's Nashville, Tennessee address. Its

23   application for an NPI necessarily included the following information:

24       • NPI Authorized Official: Phillip Clendenin, AMSURG President

25       • NPI Practice Location: 1671 Creekside Drive, Suite 100, Folsom,

26   California

27       • Members and Owners: Deborah Miller (AMSURG Division VP –

28   Operations), Barbara Hanania (AMSURG Division President – Operations), Nazir

NELSON HARDIMAN LLP
1100 Glendon Avenue, 14ᵗʰ Floor
LOS ANGELES, CALIFORNIA 90024

20

COMPLAINT

1    Rahm, M.D., Kanat Ransibrahmanakul, M.D., and Drew Ingram, M.D.

2        45.    Defendant Folsom Anesthesia Associates, LP, a "for profit"
3    Tennessee limited partnership with its principal place of business listed as
4    AMSURG's Nashville, Tennessee address.  Its application for an NPI necessarily
5    included the following information:

6        •    NPI Authorized Official:  Alina Logan, AMSURG VP – Revenue
7    Management

8        •    NPI Practice Location:  Defendant Folsom Endoscopy Center, LLC
9    dba Folsom Sierra Endoscopy Center

10       •    General Partner:  Folsom Anesthesia Holding GP, LLC (a Tennessee
11   limited liability company whose Vice President is Clint Cromwell – former VP and
12   Deputy General Counsel for AMSURG)

13       46.    Defendant Northside Gastroenterology Endoscopy Center, LLC is a
14   "for profit" Indiana limited liability company with its principal place of business
15   listed as AMSURG's Nashville, Tennessee address.  Its application for an NPI
16   necessarily included the following information:

17       •    NPI Authorized Official:  Phillip Clendenin, AMSURG President

18       •    NPI Practice Location:  8424 Naab Road, Suite 3-G, Indianapolis,
19   Indiana

20       •    Members:  AMSURG Holdings, LLC and RRDF, LLC

21       47.    Defendant AmSurg Indianapolis Anesthesia, LLC is a "for profit"
22   Tennessee limited liability company with its principal place of business listed as
23   AMSURG's Nashville, Tennessee address.  Its application for an NPI necessarily
24   included the following information:

25       •    NPI Authorized Official:  Phillip Clendenin, AMSURG President

26       •    NPI  Practice  Location:    Defendant  Northside  Gastroenterology
27   Endoscopy Center, LLC

28       •    Member:  Defendant Northside Gastroenterology Endoscopy Center,

NELSON HARDIMAN LLP
1100 Glendon Avenue, 14ᵗʰ Floor
LOS ANGELES, CALIFORNIA 90024

599086.1

21

1   LLC

2       48.   Defendant Oak Lawn IL Endoscopy ASC, LLC dba Oak Lawn

3   Endoscopy Center, is a "for profit" Tennessee limited liability company with its

4   principal place of business listed as AMSURG's Nashville, Tennessee address.

5   Thomas Arndt, Physician at AMSURG Facility.   Its application for an NPI

6   necessarily included the following information:

7       •   NPI Authorized Official:   Thomas Arndt, M.D., Physician at

8   Defendant Oak Lawn IL Endoscopy ASC, LLC

9       •   NPI Practice Location: 9921 Southwest Highway, Oak Lawn, Illinois

10       •   Members and Owners:  Defendant AMSURG Holdings, Inc. and ASC

11   Physician Owners Karmran Ayub, M.D., Charles Berkelhammer, M.D., Brian

12   Blumenstein, M.D., Douglas Lee, M.D., Wayne Lue, M.D., Mihir Majmunder,

13   M.D., Vincent Muscarello, M.D., Samir Patel, M.D., Jeffrey Port, M.D., and

14   Thomas Arndt, M.D., all of whom are gastroenterologists who, with the exception

15   of Dr. Majmunder, are board-certified in that specialty

16       49.   Defendant AmSurg Oak Lawn IL Anesthesia, LLC is a "for profit"

17   Tennessee limited liability company with its principal place of business listed as

18   AMSURG's Nashville, Tennessee address.   Its application for an NPI necessarily

19   included the following information:

20       •   NPI Authorized Official:  Phillip Clendenin, AMSURG President

21       •   NPI Practice Location:   Defendant Tampa Bay Endoscopy Center,

22   LLC

23       •   Managing Member:  AMSURG Holdings, Inc.

24       50.   Defendant The Lewes DE Endoscopy ASC LLC dba Seaside

25   Endoscopy Pavilion, is a "for profit" Tennessee limited liability company with its

26   principal place of business listed as AMSURG's Nashville, Tennessee address.  Its

27   application for an NPI necessarily included the following information:

28       •   NPI Authorized Official:  Phillip Clendenin, AMSURG President

NELSON HARDIMAN LLP
1100 Glendon Avenue, 14ᵗʰ Floor
LOS ANGELES, CALIFORNIA 90024

1          •    NPI Practice Location: 34444 King Street Row, Lewes, Delaware

2       51.   Defendant AMSURG Lewes Anesthesia, LLC is a "for profit"

3 Tennessee limited liability company with its principal place of business listed as

4 AMSURG's Nashville Tennessee address. Its application for an NPI necessarily

5 included the following information:

6          •    NPI Authorized Official: Phillip Clendenin, AMSURG President

7          •    NPI Practice Location: Defendant The Lewes DE Endoscopy ASC

8 LLC

9       52.   Defendant MDSine, LLC dba Surgery Center of New England is a

10 "for profit" Tennessee limited liability company with its principal place of business

11 listed as AMSURG's Nashville, Tennessee address.  Its application for an NPI

12 necessarily included the following information:

13          •    NPI Authorized Official: Phillip Clendenin, AMSURG President

14          •    NPI Practice Location:    55 St. George Road, Springfield,

15 Massachusetts

16          •    Members and Owners: AMSURG Holdings, Inc., Larry Litscher,

17 M.D., Brian Bredvik, M.D., Steven Covici, M.D., Nathalie Rioux, M.D., Richard

18 Anderson, M.D., Kamal Kalia, M.D., Philip Moratis, M.D., Michael Woods, M.D.,

19 David Bowers, D.O., Paul Azimov, M.D., Claude Borowsky, M.D., Scott Cooper,

20 M.D., Brett Hynninen, M.D.,  Greg Park, M.D., Robert Berger, M.D., Charles

21 Mick, M.D., Eric Munier, M.D., Tammy Black, M.D., Sarit Patel, M.D., Steve

22 Berger, M.D. and Jim Rosenthal, M.D.

23       53.   Defendant AmSurg MDSINE Anesthesia, LLC is a "for profit"

24 Tennessee limited liability company with its principal place of business listed as

25 AMSURG's Nashville, Tennessee address.  Its application for an NPI necessarily

26 included the following information:

27          •    NPI Authorized Official: Phillip Clendenin, AMSURG President

28          •    NPI Practice Location: Defendant MDSine, LLC

NELSON HARDIMAN LLP
1100 Glendon Avenue, 14ᵗʰ Floor
LOS ANGELES, CALIFORNIA 90024

23

COMPLAINT

1            •      Managing Member:  Defendant AMSURG Holdings, Inc.

2       54.     Defendant  Northeast  Endoscopy  Center,  LLC  is  a  "for  profit"

3  Tennessee limited liability company with its principal place of business listed as

4  AMSURG's Nashville, Tennessee address.  Its application for an NPI necessarily

5  included  the following information:

6            •      NPI   Authorized   Official:      Ken   Camerota,   CEO   at   Northeast

7  Endoscopy Center, LLC

8            •      NPI Practice Location:  59 Lowes Way, Lowell, Massachusetts

9       55.     Defendant  Lowell  Anesthesia  Associates,  PLLC  is  a  "for  profit"

10  Tennessee  professional  limited  liability  company  with  its  principal  place  of

11  business as AMSURG's Nashville, Tennessee address.  Its application for an NPI

12  necessarily included  the following information:

13            •      NPI Authorized Official:  Phillip Clendenin, AMSURG President

14            •      NPI Practice Location:  Defendant Northeast Endoscopy Center, LLC

15            •      Members and Owners:  Richard Tilson, M.D. and Geetanjali Akerkar,

16  M.D., both of whom are gastroenterologists.

17       56.     Defendant  Pioneer  Valley  Surgicenter,  LLC  is  a  "for  profit"

18  Tennessee limited liability company with its principal place of business listed as

19  AMSURG's Nashville, Tennessee address.  Its application for an NPI necessarily

20  included  the following information:

21            •      NPI Authorized Official:  Phillip Clendenin, AMSURG President

22            •      NPI  Practice  Location:   3550  Main  Street,  Suite  103,  Springfield,

23  Massachusetts

24            •      Managing Member:  Defendant AMSURG Holdings, Inc.

25       57.     Defendant  Pioneer  Sedation,  PLLC  is  a  "for  profit"  Tennessee

26  professional  limited  liability  company  with  its  principal  place  of  business  as

27  AMSURG's Nashville, Tennessee address.  Its application for an NPI necessarily

28  included  the following information:

NELSON HARDIMAN LLP
1100 Glendon Avenue, 14th Floor
LOS ANGELES, CALIFORNIA 90024

1  • NPI Authorized Official: Alina Logan, AMSURG VP – Revenue
2  Management

3  • NPI Practice Location: Defendant Pioneer Valley Surgicenter, LLC

4  58. Defendant Diagnostic Endoscopy, LLC dba Diagnostic Endoscopy
5  Center, is a "for profit" Tennessee limited liability company with its principal
6  place of business listed as AMSURG's Nashville, Tennessee address.   Its
7  application for an NPI necessarily included the following information:

8  • NPI Authorized Official: Phillip Clendenin, AMSURG President

9  • NPI Practice Location: 778 Long Ridge Road, Stamford, Connecticut

10  • Members and Owners: Defendant AMSURG Holdings, Inc. and
11  various ASC Physician Owners, including Stuart Waldstreicher, M.D., Peter
12  Gardner, M.D. and Felice Zwas, M.D., all three of whom are board certified
13  gastroenterologists

14  59. Defendant AMSURG Stamford Anesthesia, LLC is a "for profit"
15  Tennessee limited liability company with its principal place of business listed as
16  AMSURG's Nashville Tennessee address.  Its application for an NPI necessarily
17  included the following information:

18  • NPI Authorized Official: Phillip Clendenin, AMSURG President

19  • NPI Practice Location: Defendant Diagnostic Endoscopy, LLC

20  • Member: Defendant Diagnostic Endoscopy, LLC

21  60. Defendant Connecticut Eye Surgery Center South, LLC is a "for
22  profit" Tennessee limited liability company with its principal place of business
23  listed as AMSURG's Nashville Tennessee address.  Its application for an NPI
24  necessarily included the following information:

25  • NPI Authorized Official: Phillip Clendenin, AMSURG President

26  • NPI Practice Location: 60 Wellington Road, Milford, Connecticut

27  • Managing Member: Defendant AMSURG Holdings, Inc.

28  61. Defendant Connecticut Eye Anesthesia, LLC is a "for profit"

NELSON HARDIMAN LLP
1100 Glendon Avenue, 14ᵗʰ Floor
LOS ANGELES, CALIFORNIA 90024

599086.1

25
COMPLAINT

1   Tennessee limited liability company with its principal place of business listed as
2   AMSURG's Nashville Tennessee address.  Its application for an NPI necessarily
3   included the following information:

4        •    NPI Authorized Official:  Phillip Clendenin, AMSURG President

5        •    NPI Practice Location:  Defendant Connecticut Eye Surgery Center
6   South, LLC

7        •    Managing Member:  Defendant AMSURG Holdings, Inc.

8      62.   The Altamonte Springs FL Endoscopy ASC LLC dba   Palm
9   Endoscopy Center, LLC, is a "for profit" Tennessee limited liability company
10  with its principal place of business listed as AMSURG's Nashville, Tennessee
11  address. Its application for an NPI necessarily included the following information:

12       •    NPI Authorized Official:  Phillip Clendenin, AMSURG President

13       •    NPI Practice Location:  623 Maitland Avenue, Suite 1100, Altamonte
14  Springs, Florida

15       •    Members and Owners:   AmSurg Altamonte Springs FL, Inc., a
16  Tennessee corporation with its principal place of business listed as AMSURG's
17  Nashville, Tennessee address, and Palm Endoscopy Center Inc., a Florida
18  corporation which included as directors various ASC Physician Owners, including
19  Richard Straker, M.D., Barry R. Katz, M.D., Harry Shephard M.D., Raaj Popli
20  M.D., Sanjay Reddy, M.D., and David Lebioda, M.D., all of whom are
21  gastroenterologists and, with the exception of Dr. Popli, board certified in that
22  specialty

23     63.   Defendant AmSurg Altamonte Springs Anesthesia, LLC is a "for
24  profit" Tennessee limited liability company with its principal place of business
25  listed as AMSURG's Nashville Tennessee address.  Its application for an NPI
26  necessarily included the following information:

27       •    NPI Authorized Official:  Phillip Clendenin, AMSURG President

28       •    NPI Practice Location:  Defendant Altamonte Springs FL Endoscopy

NELSON HARDIMAN LLP
1100 Glendon Avenue, 14th Floor
LOS ANGELES, CALIFORNIA 90024

1 | ASC LLC

2 | • Member:  Defendant Altamonte Springs FL Endoscopy ASC LLC

3 | 64. Defendant The Melbourne ASC, LP dba The Surgery Center of
4 | Melbourne is a "for profit" Tennessee limited liability company with its principal
5 | place of business listed as AMSURG's Nashville Tennessee address.   Its
6 | application for an NPI necessarily included the following information:

7 | • NPI Authorized Official:  Phillip Clendenin, AMSURG President

8 | • NPI Practice Location:  1401 South Apollo Blvd, Suite B, Melbourne,
9 | Florida

10 | • General Partner:  AmSurg Melbourne, Inc. whose President is Phillip
11 | Clendenin (AMSURG President) and Secretary is Craig Wilson (ENVISION
12 | General Counsel and former AMSURG Senior VP and General Counsel)

13 | 65. Defendant AmSurg Melbourne Anesthesia, LLC is a "for profit"
14 | Tennessee limited liability company with its principal place of business listed as
15 | AMSURG's Nashville Tennessee address.  Its application for an NPI necessarily
16 | included the following information:

17 | • NPI Authorized Official:  Phillip Clendenin, AMSURG President

18 | • NPI Practice Location:  Defendant Melbourne ASC, LP

19 | • Member:  Defendant Melbourne ASC, LP

20 | 66. Defendant The Ocala Endoscopy ASC, LP dba Endoscopy Center of
21 | Ocala is a "for profit" Tennessee limited liability company with its principal place
22 | of business listed as AMSURG's Nashville Tennessee address.  Its application for
23 | an NPI necessarily included the following information:

24 | • NPI Authorized Official:  Phillip Clendenin, AMSURG President

25 | • NPI Practice Location:  1160 Southeast 18th Place, Ocala, Florida

26 | • General Partner:   AmSurg Ocala, Inc. whose President is Phillip
27 | Clendenin (AMSURG President) and Secretary is Craig Wilson (ENVISION
28 | General Counsel and former AMSURG Senior VP and General Counsel)

NELSON HARDIMAN LLP
1100 Glendon Avenue, 14th Floor
LOS ANGELES, CALIFORNIA 90024

599086.1

27

COMPLAINT

67.     Defendant Anesthesia Associates of Ocala, LLC is a "for profit" Tennessee limited liability company with its principal place of business listed as AMSURG's Nashville Tennessee address.  Its application for an NPI necessarily included the following information:

- NPI Authorized Official:  Phillip Clendenin, AMSURG President
- NPI Practice Location:  Defendant Ocala Endoscopy ASC, LP
- Member:  Defendant The Ocala Endoscopy ASC, LP

68.     Defendant The Orlando FL Endoscopy ASC, LLC dba Citrus Ambulatory Surgery Center is a "for profit" Tennessee limited liability company with its principal place of business listed as AMSURG's Nashville Tennessee address.  Its application for an NPI necessarily included the following information:

- NPI Authorized Official:  Phillip Clendenin, AMSURG President
- NPI Practice Location:   2861 South Delaney Avenue, Suite B, Orlando, Florida
- Members and Owners:  Defendant AMSURG Holdings, Inc., Central Florida Surgical Center Partners LLP, Citrus Ambulatory Surgery Center, Inc. (including Avanish Aggarwal, M.D., Robert T. Baker, M.D., Steven L. Brint, M.D., C. Raymond Cottrell, M.D., Kenneth R. Feuer, M.D., Alex Menendez, M.D., all of whom are gastroenterologists)

69.     Defendant AmSurg Citrus Anesthesia, LLC is a "for profit" Tennessee limited liability company with its principal place of business listed as AMSURG's Nashville Tennessee address.  Its application for an NPI necessarily included the following information:

- NPI Authorized Official:  Phillip Clendenin, AMSURG President
- NPI Practice Location:  Defendant Orlando FL Endoscopy ASC, LLC dba Citrus Endoscopy and Surgery Center
- Members and Owners:  Defendant AMSURG Holdings, Inc., Central Florida Surgical Center Partners LLP, Citrus Ambulatory Surgery Center, Inc.

NELSON HARDIMAN LLP
1100 Glendon Avenue, 14ᵗʰ Floor
LOS ANGELES, CALIFORNIA 90024

1    (including Avanish Aggarwal, M.D., Robert T. Baker, M.D., Steven L. Brint,
2    M.D., C. Raymond Cottrell, M.D., Kenneth R. Feuer, M.D., Alex Menendez,
3    M.D., all of whom are gastroenterologists)

4        70.    Defendant Orlando/Mills FL Endoscopy ASC, LLC dba Center for
5    Digestive Endoscopy is a "for profit" Tennessee limited liability company with its
6    principal place of business listed as AMSURG's Nashville Tennessee address.  Its
7    application for an NPI necessarily included  the following information:

8        •    NPI Authorized Official:  Phillip Clendenin, AMSURG President
9        •    NPI Practice Location:  1817 North Mills Avenue, Orlando, Florida
10       •    Members and Owners:   Defendant AMSURG Holdings, Inc. and
11   Center for Digestive Endoscopy, Inc.

12       71.    Defendant Orlando Mills Anesthesia Associates, LLC is a "for profit"
13   Tennessee limited liability company with its principal place of business listed as
14   AMSURG's Nashville Tennessee address.  Its application for an NPI necessarily
15   included  the following information:

16       •    NPI Authorized Official:  Phillip Clendenin, AMSURG President
17       •    NPI Practice Location:   Defendant Orlando/Mills FL Endoscopy
18   ASC, LLC

19       72.    Defendant Surgery Center of Volusia, LLC is a "for profit" Tennessee
20   limited liability company with its principal place of business listed as AMSURG's
21   Nashville Tennessee address.  Its application for an NPI necessarily included  the
22   following information:

23       •    NPI Authorized Official:  Phillip Clendenin, AMSURG President
24       •    NPI Practice Location:   3635 South Clyde Morris Boulevard, Suite
25   500, Port Orange, Florida

26       •    Managing Member:  Defendant AMSURG Holdings, Inc.

27       73.    Defendant AmSurg Port Orange Anesthesia, LLC is a "for profit"
28   Tennessee limited liability company with its principal place of business listed as

NELSON HARDIMAN LLP
1100 Glendon Avenue, 14ᵗʰ Floor
LOS ANGELES, CALIFORNIA 90024

599086.1

1  AMSURG's Nashville Tennessee address.  Its application for an NPI necessarily
2  included the following information:

3  • NPI Authorized Official:  Phillip Clendenin, AMSURG President

4  • NPI Practice Location:  Defendant Surgery Center of Volusia, LLC

5  • Principal Member:  Defendant Surgery Center of Volusia, LLC

6  74.  Defendant Hillmoor Eye Surgery Center, LLC dba One Day Surgery
7  Center is a "for profit" Tennessee limited liability company with its principal place
8  of business listed as AMSURG's Nashville Tennessee address.  Its application for
9  an NPI necessarily included the following information:

10  • NPI Authorized Official:  Phillip Clendenin, AMSURG President

11  • NPI Practice Location:  1715 SE Tiffany Avenue, Port St. Lucie,
12  Florida

13  • Managing Member: Defendant AMSURG Holdings, Inc.

14  75.  Defendant AmSurg Port St. Lucie Anesthesia, LLC is a "for profit"
15  Tennessee limited liability company with its principal place of business listed as
16  AMSURG's Nashville Tennessee address.  Its application for an NPI necessarily
17  included the following information:

18  • NPI Authorized Official:  Phillip Clendenin, AMSURG President

19  • NPI Practice Location:  Defendant Hillmoor Eye Surgery Center, LLC

20  76.  Defendant The Rockledge FL Endoscopy ASC, LLC dba Space Coast
21  Endoscopy Center is a "for profit" Tennessee limited liability company with its
22  principal place of business listed as AMSURG's Nashville Tennessee address.  Its
23  application for an NPI necessarily included the following information:

24  • NPI Authorized Official:  Phillip Clendenin, AMSURG President

25  • NPI Practice Location:  1974 Rockledge Blvd, Suite 102, Rockledge,
26  Florida

27  • Members and Owners:  Defendant AMSURG Holdings, Inc. and
28  Brevard GI Associates, LLC (whose members are Francisco Seara Aguilo, M.D.,

NELSON HARDIMAN LLP
1100 Glendon Avenue, 14ᵗʰ Floor
LOS ANGELES, CALIFORNIA 90024

599086.1

30

COMPLAINT

1   Andrew I. Tobkes, M.D., Rex L. Gomez, M.D., William Rylander, M.D., Murali

2   Krishna, M.D., and Justin Gomez, M.D., all of whom are gastroenterologists)

3       77.    Defendant AmSurg Rockledge FL Anesthesia, LLC is a "for profit"

4   Tennessee limited liability company with its principal place of business listed as

5   AMSURG's Nashville Tennessee address. Its application for an NPI necessarily

6   included the following information:

7       •       NPI Authorized Official: Phillip Clendenin, AMSURG President

8       •       NPI Practice Location: Defendant Rockledge FL Endoscopy ASC,

9   LLC

10      •       Members and Owners:   Defendant AMSURG Holdings, Inc. and

11  Anesthesia Professional Services of Brevard, LLC 1 (whose members are Murali

12  Krishna, M.D. and Andrew I. Tobkes, M.D., both of whom are gastroenterologists)

13      78.    Defendant The Tampa FL Endoscopy ASC, LLC dba Tampa Bay

14  Endoscopy Center is a "for profit" Tennessee limited liability company with its

15  principal place of business listed as AMSURG's Nashville Tennessee address. Its

16  application for an NPI necessarily included the following information:

17      •       NPI Authorized Official: Phillip Clendenin, AMSURG President

18      •       NPI Practice Location: 4809 North Armenia Avenue, Tampa, Florida

19      •       Members and Owners:   Defendant AMSURG Holdings, Inc. and

20  Endoscopy Associates of Tampa Bay, LLC (whose members are Leo Grauer,

21  M.D., Bruce Edgerton, M.D., Israel Crespo, M.D., Angel Rosario, M.D., Ashwin

22  Mehta, M.D., John Delgado, M.D., Luis Lopez, M.D., Emmanuel Mompi, M.D.,

23  Eugene Ward, M.D., Alan Weintraub, M.D., Amir T. Awad, M.D., John Chang,

24  M.D., and Alfredo Mendoza, M.D., all of whom are gastroenterologists)

25      79.    Defendant AmSurg Tampa Bay Anesthesia, LLC is a "for profit"

26  Tennessee limited liability company with its principal place of business listed as

27  AMSURG's Nashville Tennessee address. Its application for an NPI necessarily

28  included the following information:

NELSON HARDIMAN LLP
1100 Glendon Avenue, 14th Floor
LOS ANGELES, CALIFORNIA 90024

599086.1

31

1      •    NPI Authorized Official:  Phillip Clendenin, AMSURG President

2      •    NPI Practice Location:  4809 North Armenia Ave, Suite 100, Tampa,

3 Florida

4      •    Members and Owners:  Defendant AMSURG Holdings, Inc. and

5 Endoscopy Associates of Tampa Bay, LLC (whose members are Leo Grauer,

6 M.D., Bruce Edgerton, M.D., Israel Crespo, M.D., Angel Rosario, M.D., Ashwin

7 Mehta, M.D., John Delgado, M.D., Luis Lopez, M.D., Emmanuel Mompi, M.D.,

8 Eugene Ward, M.D., Alan Weintraub, M.D., Amir T. Awad, M.D., John Chang,

9 M.D., and Alfredo Mendoza, M.D., all of whom are gastroenterologists)

10      80.    Defendant The Westglen Endoscopy Center, LLC is a "for profit"

11 Tennessee limited liability company with its principal place of business listed as

12 AMSURG's Nashville, Tennessee address.  Its application for an NPI necessarily

13 included the following information:

14      •    NPI Authorized Official: Phillip Clendenin, AMSURG President

15      •    NPI Practice Location:  16663 Midland Drive, Suite 200, Shawnee,

16 Kansas

17      81.    Defendant Eye Centers of Louisville, PSC dba Bluegrass Surgery and

18 Laser Center, a Kentucky professional services corporation with its principal place

19 of business listed as 1935 Bluegrass Avenue, Suite 200, Louisville, Kentucky.  Its

20 application for an NPI necessarily included the following information:

21      •    NPI Authorized Official:  Christopher A. Holden, ENVISION

22 President and CEO

23      •    NPI Practice Location:  1400 Poplar Level Road, Louisville,

24 Kentucky

25      •    Owners:  AMSURG and Inder P. Singal, M.D., Steven M. Bloom,

26 M.D., Lawrence R. Tenkman, M.D. and its director is Donald W Bennett, M.D.

27      82.    Defendant Louisville Eye Anesthesia, LLC is a "for profit" Tennessee

28 limited liability company with its principal place of business listed as AMSURG's

NELSON HARDIMAN LLP
1100 Glendon Avenue, 14ᵗʰ Floor
LOS ANGELES, CALIFORNIA 90024

Nashville Tennessee address.  Its application for an NPI necessarily included  the following information:

- NPI Authorized Official:  Alina Logan, AMSURG VP – Revenue Management

- NPI Practice Location:  Defendant Eye Centers of Louisville, PSC dba Bluegrass Surgery and Laser Center

- Member:  AMSURG Kentucky Ophthalmology, LLC (whose owners are Defendant AMSURG Holdings, Inc. and Killer Bees, LLC – whose sole member is Inder P. Singal, M.D., an ophthalmologist)

83.    Defendant  Eastern  Shore  Endoscopy,  LLC,  a  Tennessee  limited liability  company  with  its  principal  place  of  business  listed  as  AMSURG's Nashville Tennessee address.  Its application for an NPI necessarily included  the following information:

- NPI Authorized Official:  Michael Fisher, Physician at Defendant Eastern Shore Endoscopy, LLC

- NPI Practice Location:  511 Idlewild Avenue, Easton, Maryland

84.    Defendant  Easton  Anesthesia  Association,  LLC  is  a  "for  profit" Tennessee limited liability company with its principal place of business listed as AMSURG's Nashville Tennessee address.  Its application for an NPI necessarily included  the following information:

- NPI Authorized Official:  Phillip Clendenin, AMSURG President

- NPI Practice Location:  Defendant Eastern Shore Endoscopy, LLC

85.    Defendant  Maryland  Endoscopy  Center,  LLC  is  a  "for  profit" Maryland limited liability company with its principal place of business listed as AMSURG's Nashville, Tennessee address.  Its application for an NPI necessarily included  the following information:

- NPI Authorized Official:  Phillip Clendenin, AMSURG President

- NPI Practice Location:  100 West Road, Suite 115, Towson, Maryland

COMPLAINT

NELSON HARDIMAN LLP
1100 Glendon Avenue, 14ᵗʰ Floor
LOS ANGELES, CALIFORNIA 90024

599086.1

1      86.    Defendant Maryland Endoscopy Anesthesia, LLC is a "for profit"
2  Tennessee limited liability company with its principal place of business listed as
3  AMSURG's Nashville Tennessee address.  Its application for an NPI necessarily
4  included the following information:

5          •      NPI Authorized Official:  Phillip Clendenin, AMSURG President

6          •      NPI Practice Location:  Defendant Maryland Endoscopy Anesthesia
7  LLC's

8      87.    Defendant Carroll County Digestive Disease Center, LLC is a "for
9  profit" Tennessee limited liability company with its principal place of business
10  listed as AMSURG's Nashville Tennessee address.  Its application for an NPI
11  necessarily included the following information:

12         •      NPI Authorized Official:  Phillip Clendenin, AMSURG President

13         •      NPI Practice Location:   216 Washington Heights Medical Center,
14  Suite B, Westminster, Maryland

15     88.    Defendant AmSurg Westminster Anesthesia, LLC is a "for profit"
16  Tennessee limited liability company with its principal place of business listed as
17  AMSURG's Nashville Tennessee address.  Its application for an NPI necessarily
18  included the following information:

19         •      NPI Authorized Official:  Phillip Clendenin, AMSURG President

20         •      NPI Practice Location:  Defendant Carroll County Digestive Disease
21  Center, LLC

22     89.    Defendant 32nd Street Surgery Center, LLC is a "for profit"
23  Tennessee limited liability company with its principal place of business listed as
24  1531 East 32nd Street, Joplin Missouri.  Its application for an NPI necessarily
25  included the following information:

26         •      NPI Authorized Official:  Phillip Clendenin, AMSURG President

27         •      NPI Practice Location:   1531 East 32nd Street, Suite 6, Joplin,
28  Missouri

COMPLAINT

599086.1

NELSON HARDIMAN LLP
1100 Glendon Avenue, 14th Floor
LOS ANGELES, CALIFORNIA 90024

90.     Defendant Anesthesia Associates of Joplin, LLC is a "for profit" Tennessee limited liability company with its principal place of business listed as AMSURG's Nashville Tennessee address.  Its application for an NPI necessarily included the following information:

- NPI Authorized Official:  Phillip Clendenin, AMSURG President
- NPI Practice Location:  Defendant 32nd Street Surgery Center, LLC

91.     Defendant The Greensboro NC Endoscopy ASC, LLC dba Guilford Endoscopy Center is a "for profit" Tennessee limited liability company with its principal place of business listed as AMSURG's Nashville Tennessee address.  Its application for an NPI necessarily included the following information:

- NPI Authorized Official:  Phillip Clendenin, AMSURG President
- NPI Practice Location:   593 Yanceyville Street, Suite 100, Greensboro, North Carolina

92.     Defendant AmSurg Greensboro Anesthesia, LLC is a "for profit" Tennessee limited liability company with its principal place of business listed as AMSURG's Nashville Tennessee address.  Its application for an NPI necessarily included the following information:

- NPI Authorized Official:  Phillip Clendenin, AMSURG President
- NPI Practice Location:  Defendant NC Endoscopy ASC, LLC dba Guilford Endoscopy Center, LLC

93.     Defendant The Cincinnati ASC, LLC dba University Endoscopy Center is a "for profit" Tennessee limited liability company with its principal place of business listed as AMSURG's Nashville Tennessee address.  Its application for an NPI necessarily included the following information:

- NPI Authorized Official:  Phillip Clendenin, AMSURG President
- NPI Practice Location:   9275 Montgomery Road, Suite 400, Cincinnati, Ohio

94.     Defendant AmSurg Cincinnati Anesthesia, LLC is a "for profit"

NELSON HARDIMAN LLP
1100 Glendon Avenue, 14th Floor
LOS ANGELES, CALIFORNIA 90024

599086.1

35

COMPLAINT

1   Tennessee limited liability company with its principal place of business listed as
2   AMSURG's Nashville Tennessee address.  Its application for an NPI necessarily
3   included the following information:

4   •   NPI Authorized Official:  Phillip Clendenin, AMSURG President

5   •   NPI Practice Location:   Defendant Cincinnati ASC, LLC dba
6   University Endoscopy Center

7   95.   Defendant The Toledo Endoscopy ASC, LLC dba Northwest Ohio
8   Endoscopy Center is a "for profit" Tennessee limited liability company with its
9   principal place of business listed as AMSURG's Nashville Tennessee address.  Its
10   application for an NPI necessarily included the following information:

11   •   NPI Authorized Official:   Billie Payne, AMSURG Senior VP-
12   Operations

13   •   NPI Practice Location:  4841 Monroe Street, Suite 111, Toledo, Ohio

14   96.   Defendant AmSurg Toledo Anesthesia, LLC is a "for profit"
15   Tennessee limited liability company with its principal place of business listed as
16   AMSURG's Nashville Tennessee address.  Its application for an NPI necessarily
17   included the following information:

18   •   NPI Authorized Official:  Phillip Clendenin, AMSURG President

19   •   NPI Practice Location:  Defendant Toledo Endoscopy ASC, LLC

20   97.   Defendant The Willoughby ASC, LLC dba CDH Endoscopy Center is
21   a "for profit" Tennessee limited liability company with its principal place of
22   business listed as AMSURG's Nashville Tennessee address. Its application for an
23   NPI necessarily included the following information:

24   •   NPI Authorized Official:  Phillip Clendenin, AMSURG President

25   •   NPI Practice Location:  34940 Ridge Road, Willoughby, Ohio

26   98.   Defendant AmSurg Willoughby Anesthesia, LLC is a "for profit"
27   Tennessee limited liability company with its principal place of business listed as
28   AMSURG's Nashville Tennessee address.  Its application for an NPI necessarily

NELSON HARDIMAN LLP
1100 Glendon Avenue, 14ᵗʰ Floor
LOS ANGELES, CALIFORNIA 90024

599086.1

36

COMPLAINT

included the following information:

•   NPI Authorized Official:  Phillip Clendenin, AMSURG President

•   NPI Practice Location:  Defendant The Willoughby ASC, LLC

99.   Defendant The Oklahoma City ASC, LLC dba The Endoscopy Center at Meridian is a "for profit" Tennessee limited liability company with its principal place of business listed as AMSURG's Nashville Tennessee address.   Its application for an NPI necessarily included the following information:

•   NPI Authorized Official:  Phillip Clendenin, AMSURG President

•   NPI Practice Location:   13313 North Meridian Avenue, Building B, Oklahoma City, Oklahoma

100.   Defendant The Tulsa OK Endoscopy ASC, LLC dba Tulsa Endoscopy Center is a "for profit" Tennessee limited liability company with its principal place of business listed as AMSURG's Nashville Tennessee address.  Its application for an NPI necessarily included the following information:

•   NPI Authorized Official:  Phillip Clendenin, AMSURG President

•   NPI Practice Location:   4200 East Skelly Drive, Suite 100, Tulsa, Oklahoma

101.   Defendant Anesthesia Associates of Oklahoma, PLLC is a "for profit" Tennessee limited liability company with its principal place of business listed as AMSURG's Nashville Tennessee address.  Its application for an NPI necessarily included the following information:

•   NPI Authorized Official:   Paul Stanton, Physician at Tulsa OK Endoscopy ASC, LLC dba Tulsa Endoscopy Center

•   NPI Practice Location:  Defendant Tulsa OK Endoscopy ASC, LLC

102.   Defendant Cascade Endoscopy Center, LLC is a "for profit" Tennessee limited liability company with its principal place of business listed as AMSURG's Nashville, Tennessee address.  Its application for an NPI necessarily included the following information:

1      •      NPI Authorized Official:   Christopher Kelly, Former AMSURG
2    General Counsel

3      •      NPI Practice Location:   1007 Harlow Road, Suite 110, Springfield,
4    Oregon

5      •      Members:  AMSURG Holdings, Inc. and Gateway Endoscopy ASC,
6    LLC (Members Harry H. Park, M.D., Sarah J. Brendler, M.D., Christopher F.
7    Stanke, M.D., all of whom are gastroenterologists)

8      103.   Defendant Springfield OR Anesthesia Associates, LLC is a "for
9    profit" Tennessee limited liability company with its principal place of business
10   listed as AMSURG's Nashville, Tennessee address. Its application for an NPI
11   necessarily included the following information:

12     •      NPI Authorized Official:   Alina Logan, AMSURG VP – Revenue
13   Management

14     •      NPI Practice Location:  Defendant Cascade Endoscopy Center, LLC

15     •      Manager:  Craig A. Wilson (ENVISION General Counsel and former
16   AMSURG Senior VP and General Counsel).

17     104.   Defendant Surgical Specialty Center of Northeastern Pennsylvania,
18   LLC is a "for profit" Tennessee limited liability company with its principal place
19   of business listed as AMSURG's Nashville, Tennessee address. Its application for
20   an NPI necessarily included the following information:

21     •      NPI Authorized Official: Julie Bingham, Business Manager for ASC

22     •      NPI Practice Location:  190 Welles St, Forty Fort, Pennsylvania

23     105.   Defendant Forty Fort Anesthesia Associates, LLC is a "for profit"
24   Tennessee limited liability company with its principal place of business listed as
25   AMSURG's Nashville, Tennessee address. Its application for an NPI necessarily
26   included the following information:

27     •      NPI Authorized Official: Phillip Clendenin, AMSURG President

28     •      NPI Practice Location:   Defendant Surgical Specialty Center of

NELSON HARDIMAN LLP
1100 Glendon Avenue, 14ᵗʰ Floor
LOS ANGELES, CALIFORNIA 90024

38

COMPLAINT

Northeastern Pennsylvania, LLC

106.   Defendant The Pottsville PA Endoscopy ASC, LP dba Schuylkill Endoscopy Center is a "for profit" Tennessee limited partnership with its principal place of business listed as AMSURG's Nashville, Tennessee address.   Its application for an NPI necessarily included  the following information:

- NPI Authorized Official:  Phillip Clendenin, AMSURG President
- NPI Practice Location: 48 Tunnel Rd, Suite 103, Pottsville, Pennsylvania

107.   Defendant West Chester Endoscopy, LLC is a "for profit" Tennessee limited liability company with its principal place of business listed as 915 Old Fern Hill Road, Suite 300, Building B, West Chester, Pennsylvania, but the mailing address is AMSURG's Nashville, Tennessee address.  Its application for an NPI necessarily included  the following information:

- NPI Authorized Official:  Phillip Clendenin, AMSURG President
- NPI Practice Location: 915 Old Fern Hill Rd Bldg B, Ste 300, West Chester, Pennsylvania

108.   Defendant West Chester Anesthesia, LLC is a "for profit" Tennessee limited liability company with its principal place of business listed as 915 Old Fern Hill Road, Suite 300, Building B, West Chester, Pennsylvania, but the mailing address is AMSURG's Nashville, Tennessee address. Its application for an NPI necessarily included  the following information:

- NPI Authorized Official:  Alina Logan, AMSURG VP – Revenue Management
- NPI Practice Location: Defendant West Chester Endoscopy, LLC

109.   Defendant  Mid-Atlantic  Endoscopy,  LLC  dba  Mid-Atlantic Gastrointestinal Center (MAGIC) is a Pennsylvania limited liability company with its principal place of business listed as 2104 Harrisburg Pike, Suite 300, Lancaster, Pennsylvania.   Its application for an NPI necessarily included   the following

NELSON HARDIMAN LLP
1100 Glendon Avenue, 14ᵗʰ Floor
LOS ANGELES, CALIFORNIA 90024

1    information:

2    •      NPI Authorized Official:  Phillip Clendenin, AMSURG President

3    •      NPI Practice Location:  2104 Harrisburg Pike, Suite 300, Lancaster,

4    Pennsylvania

5    110.   Defendant RGAL Anesthesia Services, LLC is a Pennsylvania limited

6    liability company with its principal place of business listed as 2104 Harrisburg

7    Pike, Lancaster, Pennsylvania.  Its application for an NPI necessarily included  the

8    following information:

9    •      NPI  Authorized  Official:   Dale  Whitebloom,  ASC  Physician

10    Gastroenterologist at MAGIC

11    •      NPI Practice Location:  Defendant MAGIC

12    111.  Defendant   Mid-Atlantic   Endoscopy,   LLC   dba   Mid-Atlantic

13    Gastrointestinal  Center  III  (MAGIC  III)  is  a  Pennsylvania  limited  liability

14    company  with  its  principal  place  of  business  listed  as  2112  Harrisburg  Pike,

15    Lancaster, Pennsylvania.   Its  application  for  an  NPI  necessarily  included   the

16    following information:

17    •      NPI Authorized Official:  Phillip Clendenin, AMSURG President

18    •      NPI Practice Location:  2112 Harrisburg Pike, Suite 323, Lancaster,

19    Pennsylvania

20    112.   Defendant Professional Anesthesia Associates, LLC is a Pennsylvania

21    limited  liability  company  with  its  principal  place  of  business  listed  as  2112

22    Harrisburg Pike, Lancaster, Pennsylvania.  Its application for an NPI necessarily

23    included  the following information:

24    •      NPI  Authorized  Official:   Paul  Allegretti,  ASC  Physician

25             Gastroenterologist at MAGIC III

26    •      NPI Practice Location:  Defendant MAGIC III

27    113.   Defendant The Columbia ASC Northwest, LLC dba Lake Murry

28    Endoscopy Center is a "for profit" Tennessee limited liability company with its

NELSON HARDIMAN LLP
1100 Glendon Avenue, 14ᵗʰ Floor
LOS ANGELES, CALIFORNIA 90024

1  principal place of business listed as AMSURG's Nashville, Tennessee address. Its

2  application for an NPI necessarily included the following information:

3  • NPI Authorized Official: Phillip Clendenin, AMSURG President

4  • NPI Practice Location: 190 Parkridge Dr, Suite 100, Columbia, South

5  Carolina

6  114. Defendant AmSurg Columbia Anesthesia, LLC is a "for profit"

7  Tennessee limited liability company with its principal place of business listed as

8  AMSURG's Nashville, Tennessee address. Its application for an NPI necessarily

9  included the following information:

10  • NPI Authorized Official: Phillip Clendenin, AMSURG President

11  • NPI Practice Location: Defendant The Colombia ASC Northwest,

12  LLC dba Lake Murry Endoscopy Center

13  115. Defendant The Greenville ASC, LLC dba Endoscopy Center of the

14  Upstate is a "for profit" Tennessee limited liability company. Its application for an

15  NPI necessarily included the following information:

16  • NPI Authorized Official: Phillip Clendenin, AMSURG President

17  • NPI Practice Location: 14 Hawthorne Park Court, Greenville, South

18  Carolina

19  116. Defendant AmSurg Greenville Anesthesia, LLC is a "for profit"

20  Tennessee limited liability company with its principal place of business listed as

21  AMSURG's Nashville, Tennessee address. Its application for an NPI necessarily

22  included the following information:

23  • NPI Authorized Official: Phillip Clendenin, AMSURG President

24  • NPI Practice Location: Defendant The Greenville ASC, LLC

25  117. Defendant The Chattanooga Endoscopy ASC, LLC dba Chattanooga

26  Endoscopy Center is a "for profit" Tennessee limited liability company with its

27  principal place of business listed as AMSURG's Nashville, Tennessee address. Its

28  application for an NPI necessarily included the following information:

41

COMPLAINT

NELSON HARDIMAN LLP
1100 Glendon Avenue, 14ᵗʰ Floor
LOS ANGELES, CALIFORNIA 90024

1        •    NPI Authorized Official:  Phillip Clendenin, AMSURG President

2        •    NPI Practice Location:  1501 Riverside Drive, Suite 117,

3 Chattanooga, Tennessee

4     118.  Defendant AmSurg Chattanooga Anesthesia, LLC is a "for profit"

5 Tennessee limited liability company with its principal place of business as

6 AMSURG's Nashville, Tennessee address.  Its application for an NPI necessarily

7 included the following information:

8        •    NPI Authorized Official:  Phillip Clendenin, AMSURG President

9        •    NPI Practice Location:  Defendant Chattanooga Endoscopy Center,

10 LLCdba Chattanooga Endoscopy Center

11     119.  Defendant The Columbia TN Endoscopy ASC, LLC dba Mid-South

12 Endoscopy Center is a "for profit" Tennessee limited liability company with its

13 principal place of business listed as AMSURG's Nashville, Tennessee address.  Its

14 application for an NPI necessarily included the following information:

15        •    NPI Authorized Official:  Phillip Clendenin, AMSURG President

16        •    NPI Practice Location:  1510 1/2 Hatcher Lane Columbia, Tennessee

17     120.  Defendant Anesthesia Associates of Columbia TN, LLC is a "for

18 profit" Tennessee limited liability company with its principal place of business as

19 AMSURG's Nashville, Tennessee address.  Its application for an NPI necessarily

20 included the following information:

21        •    NPI Authorized Official:  Phillip Clendenin, AMSURG President

22        •    NPI Practice Location:  Defendant Columbia TN Endoscopy ASC,

23 LLC

24     121.  Defendant Hermitage TN Endoscopy ASC, LLC dba Associates

25 Endoscopy is a "for profit" Tennessee limited liability company with its principal

26 place of business listed as AMSURG's Nashville, Tennessee address.  Its

27 application for an NPI necessarily included the following information:

28        •    NPI Authorized Official:  Phillip Clendenin, AMSURG President

NELSON HARDIMAN LLP
1100 Glendon Avenue, 14ᵗʰ Floor
LOS ANGELES, CALIFORNIA 90024

42

COMPLAINT

- NPI Practice Location:   5653 Frist Blvd, Suite 532, Hermitage, Tennessee

122.   Defendant AmSurg Hermitage Anesthesia, LLC is a "for profit" Tennessee limited liability company with its principal place of business as AMSURG's Nashville, Tennessee address.  Its application for an NPI necessarily included the following information:

- NPI Authorized Official:  Phillip Clendenin, AMSURG President
- NPI Practice Location:  Defendant Hermitage TN Endoscopy ASC, LLC dba Associates Endoscopy

123.   Defendant Kingsport TN Ophthalmology ASC, LLC dba The Regional Eye Surgery Center is a "for profit" Tennessee limited liability company with its principal place of business listed as AMSURG's Nashville, Tennessee address.  Its application for an NPI necessarily included the following information:

- NPI Authorized Official:  Phillip Clendenin, AMSURG President
- NPI Practice Location:   999 Executive Park Blvd, Suite 100, Kingsport, Tennessee

124.   Defendant Kingsport Anesthesia Associates, LLC is a "for profit" Tennessee limited liability company with its principal place of business as AMSURG's Nashville, Tennessee address.  Its application for an NPI necessarily included the following information:

- NPI Authorized Official:  Phillip Clendenin, AMSURG President
- NPI Practice Location:   Defendant Kingsport TN Ophthalmology ASC, LLC

125.   Defendant Abilene Endoscopy Center, LP dba The Abilene Endosocpy Center is a "for profit" Tennessee limited liability company with its principal place of business listed as AMSURG's Nashville, Tennessee address.  Its application for an NPI necessarily included the following information:

- NPI Authorized Official:  Phillip Clendenin, AMSURG President

NELSON HARDIMAN LLP
1100 Glendon Avenue, 14ᵗʰ Floor
LOS ANGELES, CALIFORNIA 90024

599086.1

43

COMPLAINT

NELSON HARDIMAN LLP
1100 Glendon Avenue, 14th Floor
LOS ANGELES, CALIFORNIA 90024

1    • NPI Practice Location: 1249 Ambler Avenue, Suite 100, Abilene,

2    Texas

3    126. Defendant AmSurg Abilene Anesthesia, LLC is a "for profit"

4    Tennessee limited liability company with its principal place of business as

5    AMSURG's Nashville, Tennessee address. Its application for an NPI necessarily

6    included the following information:

7    • NPI Authorized Official: Phillip Clendenin, AMSURG President

8    • NPI Practice Location: Defendant Abilene Endoscopy Center, LP

9    127. Defendant Central Texas Endoscopy Center, LLC is a "for profit"

10   Tennessee limited liability company with its principal place of business listed as

11   AMSURG's Nashville, Tennessee address. Its application for an NPI necessarily

12   included the following information:

13   • NPI Authorized Official: Phillip Clendenin, AMSURG President

14   • NPI Practice Location: 2206 East Villa Maria Road, Bryan, Texas

15   128. Defendant Anesthesia Associates of Bryan, LLC is a "for profit"

16   Tennessee limited liability company with its principal place of business as

17   AMSURG's Nashville, Tennessee address. Its application for an NPI necessarily

18   included the following information:

19   • NPI Authorized Official: Phillip Clendenin, AMSURG President

20   • NPI Practice Location: Defendant Central Texas Endoscopy Center,

21   LLC

22   129. Defendant The El Paso ASC, LP dba Endoscopy Center of El Paso is

23   a "for profit" Tennessee limited liability company with its principal place of

24   business listed as AMSURG's Nashville, Tennessee address. Its application for an

25   NPI necessarily included the following information:

26   • NPI Authorized Official: Phillip Clendenin, AMSURG President

27   • NPI Practice Location: 1300 Murchison Dr, Suite 180, El Paso, Texas

28   130. Defendant El Paso Anesthesia Associates, LLC is a "for profit"

NELSON HARDIMAN LLP
1100 Glendon Avenue, 14ᵗʰ Floor
LOS ANGELES, CALIFORNIA 90024

Tennessee limited liability company with its principal place of business as AMSURG's Nashville, Tennessee address. Its application for an NPI necessarily included the following information:

- NPI Authorized Official:  Phillip Clendenin, AMSURG President
- NPI Practice Location:  Defendant Central Texas Endoscopy Center, LLC dba Endosocpy Center of El Paso

131. Defendant Shenandoah TX Endoscopy ASC, LLC dba Woodlands Endoscopy Center is a "for profit" Tennessee limited liability company with its principal place of business listed as AMSURG's Nashville, Tennessee address. Its application for an NPI necessarily included the following information:

- NPI Authorized Official:  Phillip Clendenin, AMSURG President
- NPI Practice Location:  111 Vision Park Blvd, Suite 160, Woodlands, Texas

132. Defendant Woodlands Anesthesia Associates, LLC is a "for profit" Tennessee limited liability company with its principal place of business as AMSURG's Nashville, Tennessee address. Its application for an NPI necessarily included the following information:

- NPI Authorized Official:  Alina Logan, AMSURG VP – Revenue Management
- NPI Practice Location:  Defendant Shenandoah TX Endoscopy ASC, LLC

## FACTUAL BACKGROUND

### A.    Medicare Coverage of ASC and Professional Services

133. This action involves claims for ASC facility fees and professional surgery fees and anesthesia services fees for ASC patients under Part B of the Medicare program, a voluntary supplemental insurance program covering certain outpatient services. *See* 42 U.S.C. §§ 1395j, 1395w–4.

134. Medicare Part B covers specified surgical procedures (including

45

NELSON HARDIMAN LLP
1100 Glendon Avenue, 14ᵗʰ Floor
LOS ANGELES, CALIFORNIA 90024

1 endoscopies and colonoscopies) performed in Medicare-certified ASCs which are

2 distinct entities that operate exclusively to furnish outpatient surgical services to

3 patients who need no hospitalization and for whom the expected duration of

4 services is less than 24 hours following admission. Medicare ASCs receive

5 payment for facility services that are packaged into an ASC payment (e.g., nursing,

6 technician, and related services, use of the facility, and administrative,

7 recordkeeping, and housekeeping items and services) and for specified ancillary

8 items and services that are integral to a covered surgical procedure and for which

9 separate payment is allowed. *See* 42 C.F.R. §§ 416.163, 416.164, 1001.952(r);

10 Medicare Claims Processing Manual ("MCPM"), Pub. No. 100-04, Chapter 14, §

11 10.

12     135. Medicare Part B separately covers and reimburses the professional

13 services of the physicians who perform the outpatient surgical procedure for ASC

14 patients and the physicians or CRNAs who provide anesthesia services for them.

15 *See* 42 C.F.R. § 416.163(b) and (c); MCPM, Chap. 14, § 10.

16     136. Medicare Part B therefore usually pays three claims when a

17 beneficiary has a covered surgical procedure performed at a Medicare-certified

18 ASC: the ASC's claim for facility services, the physician's claim for professional

19 surgery services, and the anesthetist's claim for professional anesthesia services.

20     137. In order to receive payments from Medicare, each Medicare-certified

21 AMSURG ASC executed a Medicare enrollment agreement (Form CMS-855B)

22 that included the following express certifications:

23     I agree to abide by the Medicare laws, regulations and program

24     instructions that apply to this supplier. The Medicare laws,
regulations, and program instructions are available through the

25     Medicare contractor. I understand that payment of a claim by

26     Medicare is conditioned upon the claim and the underlying transaction
complying with such laws, regulations, and program instructions

27     (including, but not limited to, the Federal anti-kickback statute and the

28     Stark law), and on the supplier's compliance with all applicable

599086.1

conditions of participation in Medicare.

138.   In order to receive payments from Medicare, each physician performing surgeries and each anesthetist providing anesthesia services at AMSURG ASCs executed a Medicare enrollment agreement (Form CMS-855) that includes the following express certifications:

> I agree to abide by the Medicare laws, regulations and program instructions that apply to me or to the organization listed in section 4A of this application. The Medicare laws, regulations, and program instructions are available through the Medicare Administrative Contractor. I understand that payment of a claim by Medicare is conditioned upon the claim and the underlying transaction complying with such laws, regulations and program instructions (including, but not limited to, the Federal Anti-Kickback Statute, 42 U.S.C. section 1320a-7b(b) (section 1128B(b) of the Social Security Act) and the Physician Self-Referral Law (Stark Law), 42 U.S.C. section 1395nn (section 1877 of the Social Security Act)).

139.   In order to receive payments from Medicare, the AMSURG ASCs, AMSURG Anesthesia Companies, and ASC Physician Owners  submitted their claims to Medicare Administrative Contractors on a standard claim form (Form CMS-1500) that includes the following express certification applicable to Medicare claims:

> In submitting this claim for payment from federal funds, I certify that: 1) the information on this form is true, accurate and complete; 2) I have familiarized myself with all applicable laws, regulations, and program instructions, which are available from the Medicare contractor; 3) I have provided or will provide sufficient information required to allow the government to make an informed eligibility and payment decision; 4) this claim, whether submitted by me or on my behalf by my designated billing company, complies with all applicable Medicare and/or Medicaid laws, regulations, and program instructions for payment including but not limited to the Federal anti-kickback statute and Physician Self-Referral law (commonly known as Stark law); 5) the services on this form were medically necessary and personally furnished by me or were furnished incident to my

NELSON HARDIMAN LLP
1100 Glendon Avenue, 14ᵗʰ Floor
LOS ANGELES, CALIFORNIA 90024

1    professional service by my employee under my direct supervision,
2    except as otherwise expressly permitted by Medicare or TRICARE.

### B.   TRICARE Coverage of ASC and Professional Services

140.   This action also involves claims for ASC facility fees and professional surgery fees and anesthesia services fees for ASC patients under TRICARE, a federal healthcare program that provides civilian health insurance to U.S. military members, retirees and their dependents.

141.   TRICARE covers specified surgical procedures (including endoscopies and colonoscopies) performed in certified ASCs that are Medicare-certified or meet other accreditation requirements. *See* TRICARE Policy Manual 6010.60-M, Ch. 11, § 6.2. TRICARE ASCs receive payment for facility services that are packaged into an ASC payment, including nursing, technician, and related services and supplies, use of the facility, and administrative, recordkeeping, and housekeeping items and services. *See* TRICARE Reimbursement Manual 6010.61-M ("TRM"), Ch. 1, § 9.

142.   TRICARE separately covers and reimburses the professional services of the physicians who perform the outpatient surgical procedure for ASC patients and the physicians or CRNAs who provide anesthesia services for them. *See* ("TRM"), Ch. 1, § 9.

143.   Like Medicare, TRICARE therefore usually pays three claims when a beneficiary has a covered surgical procedure performed at a TRICARE-certified ASC: the ASC's claim for facility services, the physician's claim for professional surgery services, and the anesthetist's claim for professional anesthesia services.

144.   In order to receive payments from TRICARE, the AMSURG ASCs submitted their claims for facility services to TRICARE contractors on a standard institutional claim form (Form CMS-1450 or UB-04) that includes the following express certifications:

Submission of this claim constitutes certification that the billing

NELSON HARDIMAN LLP
1100 Glendon Avenue, 14ᵗʰ Floor
LOS ANGELES, CALIFORNIA 90024

information as shown on the face hereof is true, accurate and complete.    That the submitter did not knowingly or recklessly disregard or misrepresent or conceal material facts.

. . .

For TRICARE Purposes:  (a)    The information on the face of this claim is true, accurate and complete to the best of the submitter's knowledge and belief, and services were medically and appropriate for the health of the patient.

145.  In order to receive payments from TRICARE, the AMSURG Anesthesia Companies and the ASC Physician Owners submitted their claims for professional services to TRICARE contractors on standard institutional claim form (Form CMS-1450 or UB-04) that includes the express certification applicable to TRICARE claims described above in paragraph 40.

**C.     Relator's Contract with AMSURG**

146.  On April 12, 2012, Relator, a CRNA, became an independent contractor anesthesia provider for Defendant AmSurg St. George Anesthesia, LLC, the exclusive provider of anesthesia services for patients receiving outpatient gastroenterological surgical procedures (i.e, colonoscopies and endoscopies) at Defendant St. George Endoscopy Center LLC, a Medicare-certified ASC located at 368 East Riverside Drive, Unit B, in St. George, Utah.

147.  As a CRNA, Relator is qualified to provide anesthetics to patients in every practice setting, including ASCs, and receives the same Medicare Part B reimbursement as an anesthesiologist for all surgical procedures.  *See* 42 U.S.C. § 1395l(a)(1)(H).  All anesthesia providers, including CRNAs, may directly submit claims for their services to the Medicare program and other health plans and programs.

148.  Relator's written contract with Defendant AmSurg St. George Anesthesia, LLC's was signed by Christopher Kelly, then Defendant AmSurg Corp.'s General Counsel in Nashville, Tennessee.  As one of the nation's largest

NELSON HARDIMAN LLP
1100 Glendon Avenue, 14ᵗʰ Floor
LOS ANGELES, CALIFORNIA 90024

ASC management organizations, AMSURG is in the business of developing, owning, and operating ASCs in partnership with approximately 2,000 physicians and currently has ownership interests in approximately 260 ASCs and one surgical hospital in 35 states and the District of Columbia. According to the AMSURG website, "[p]hysicians at more than 255 surgery centers have chosen AmSurg as their business partner" and its "typical surgery center partnership is operated under a consensus management business model, with the center's operating board comprised of equal representation by the physician partners and AmSurg."

149.   Relator was later told by Scott Gines, the director of Defendant St. George Endoscopy Center, LLC that the ASC is owned by AmSurg (51%) and referring and non-referring physicians (49%) who split the profit on and anesthesia revenue generated by Defendant AmSurg St. George Anesthesia, LLC according to the same ownership interests they have in the AMSURG ASC.   Christoph Woerlein, M.D., a former AmSurg Physician Owner of Defendant St. George Endoscopy Center, LLC also told Relator about this anesthesia revenue sharing arrangement with ASC Physician Owners.

150.   Defendant St. George Endoscopy Center LLC is a "for profit" Tennessee limited liability company with its principal place of business listed as AMSURG's Nashville, Tennessee address.   Between 2012 and the present, Defendant St. George Endoscopy Center LLC was owned by Defendant AmSurg Holdings, Inc. and St. George Gastroenterology Partners LLC, a physician company whose members included James Bown, M.D. ("Bown"), Roger Siddoway, M.D. ("Siddoway"),  Lee J. Hixson, M.D. ("Hixson"), and Christoph Woerlein, M.D., ("Woerlein"), all of whom are board certified in gastroenterology.

151.   Defendant St. George Endoscopy Center LLC is also the sole member and owner of Defendant AmSurg St. George Anesthesia, LLC, a "for profit" Tennessee limited liability company with its principal place of business also listed as AMSURG's Nashville Tennessee address.   The National Provider Identifiers of

NELSON HARDIMAN LLP
1100 Glendon Avenue, 14ᵗʰ Floor
LOS ANGELES, CALIFORNIA 90024

50

COMPLAINT

599086.1

1 Defendants St. George Endoscopy Center LLC and Defendant AmSurg St. George
2 Anesthesia, LLC list the ASC's address as their practice location and their
3 authorized officials as Phillip Clendenin, AMSURG's President.

4     152. Under Relator's contract with defendant AmSurg St. George
5 Anesthesia, LLC he is currently paid a weekly rate of $4,100 or a per diem rate of
6 $1,025 to provide anesthesia services four days a week for patients receiving
7 outpatient endoscopies at defendant St. George Endoscopy Center, LLC.
8 Relator's payments are made by Defendant AmSurg, LLC.

9     153. On May 4, 2017, AmSurg sent an email to Relator confirming that
10 AMSURG Anesthesia Companies paid CRNAs on a per diem rate at all the
11 AMSURG ASCs at which the companies provided anesthesia services.
12 Specifically, in a response to Relator's request that he and his fellow CRNA's per
13 diem rates for anesthesia services be increased from $1,025 to $1,600 per day,
14 Patrick O'Neil, then AMSURG's Regional Director of Ambulatory Anesthesia in
15 Nashville, Tennessee, rejected the request, stating that "15 cases per day is an
16 average work day in our centers" and "currently you and Greg are the highest paid
17 CRNAs in the 63 centers that Amsurg does anesthesia [for]." In addition, Relator
18 routinely received AmSurg emails announcing vacancies for independent
19 contractor CRNAs and anesthesiologists to provide anesthesia services at
20 AMSURG ASCs throughout the United States.

21     154. Although not referenced in their contract, Defendant AmSurg St.
22 George Anesthesia, LLC paid Relator an additional $500 per month for handling
23 all "administrative duties" relating to his anesthesia services, including (1)
24 implementing policies and procedures and protocols governing anesthesia services
25 at the ASC; (2) determining and detailing drugs, supplies and equipment needed
26 for quality anesthesia services at the ASC; (3) preparing and implementing
27 education and training programs on anesthesia to ASC physicians, nurses and other
28 medical personnel; and (4) providing anesthesia related support for the ASC's

NELSON HARDIMAN LLP
1100 Glendon Avenue, 14ᵗʰ Floor
LOS ANGELES, CALIFORNIA 90024

1  Performance Improvement and Risk Management program.  Under the contract,
2  Relator must also provide coverage for any days that he takes off and pay for his
3  own malpractice insurance.  From April 12, 2012 to the present, Relator has
4  received one $25 dollar raise of his daily rate and has only taken 14 days off.

5      155.  Defendant AmSurg St. George Anesthesia, LLC's contract requires
6  Relator to assign all his claims for anesthesia services to the company for billing
7  and collection and to accept his per diem rates as total compensation for his
8  services.  While working for Defendant AmSurg St. George Anesthesia, LLC,
9  Relator would occasionally receive claims information further confirming that
10 Defendant AmSurg St. George Anesthesia, LLC was submitting or causing to be
11 submitted claims (via St. George Endoscopy Center, LLC) for his anesthesia
12 services at the ASC, including for his numerous Medicare or TRICARE patients.

13     156.  Defendant St. George Endoscopy Center LLC has two operating
14 rooms and is open for surgeries on approximately 200 days per year.  Relator is the
15 assigned CRNA for one operating room and there is a second CRNA with a similar
16 per diem contract with Defendant AmSurg St. George Anesthesia, LLC, assigned
17 to the other operating room.  Relator and the other CRNA provide anesthesia
18 services for approximately 30 ASC endoscopy cases (15 each) per day or 6,000
19 cases per year, approximately 60% of which are for Medicare beneficiaries.
20 Defendant AmSurg St. George Anesthesia, LLC pays approximately $211,000 per
21 year to Relator and approximately $205,000 per year to the other CRNA for
22 providing these anesthesia services to Defendant St. George Endoscopy Center,
23 LLC's patients.

24     157.  Based on Relator's and the other CRNA's payor mix and anesthesia
25 base, time, and ASA modifier units for the average 30 endoscopy cases that they
26 perform each day, Relator estimates that Defendant AmSurg St. George
27 Anesthesia, LLC's total anesthesia revenue is approximately $7,000 per operative
28 day or $1.4 million per year.  Based on the volume of Medicare patients and

NELSON HARDIMAN LLP
1100 Glendon Avenue, 14" Floor
LOS ANGELES, CALIFORNIA 90024

Medicare reimbursement rates, the total Medicare anesthesia revenue for these anesthesia services is estimated to be approximately $2,500 per day or $500,000 per year.

158. Since Defendant AmSurg St. George Anesthesia, LLC pays a total of $416,000 to the Relator and Sanders for their anesthesia services and has few other costs, the LLC's average annual profit on anesthesia revenue (i.e., the difference between the LLC's payment of CRNA per diem rates and the estimated revenue collected) is estimated to be approximately $980,000, a 71% profit margin on anesthesia services.

159. Between January 1, 2013 and the present, based on Defendant St. George Endoscopy Center, LLC's ownership of Defendant AmSurg St. George Anesthesia, LLC, AmSurg indirectly provided the ASC Physician Owners (e.g., Drs. Bown, Siddoway, Hixson, and Woerlein) with an annual share of any profits from anesthesia services to which those physicians had no direct right because they did not provide the anesthesia services, and the services were performed by separate healthcare professionals (CRNAs) that have the right to directly bill for and be reimbursed for their own services. Based on Defendant AmSurg St. George Anesthesia, LLC's estimated average annual profit on anesthesia revenue, AmSurg paid the ACS Physician Owners and non-referring physician owners approximately $500,000 each year as their 49% share of the anesthesia profits generated by the ACS Physician Owners' patient referrals to Defendants St. George Endoscopy Center, LLC and AmSurg St. George Anesthesia, LLC.

160. In late 2012 to early 2013, Relator asked Angela Durham, then the AmSurg Regional Director for Ambulatory Anesthesia Services for Region 1, covering contracted anesthesia services at AMSURG ASCs in western states, whether Relator's independent contractor relationship with and assignment of claims to Defendant AmSurg St. George Anesthesia, LLC was legal and Ms. Durham assured him that this arrangement complied with applicable laws

NELSON HARDIMAN LLP
1100 Glendon Avenue, 14ᵗʰ Floor
LOS ANGELES, CALIFORNIA 90024

161.   In March 2019, Relator again expressed his concern that his contract with Defendant AmSurg St. George Anesthesia, LLC might not be compliant by raising the issue with Brien Miller, M.D., a non-owner surgeon who performed surgeries for his center, and Christine Morris, a clinical consultant for his center. Ms. Morris raised the issue with AmSurg directly, and Regional Vice President of Operations Leah Shaler did not fully address the issue of the legality of the arrangement with Relator, instead responding only that Relator's *per diem* payments were "fair market value" for his anesthesia services.

### D.   AMSURG Ownership and Management of AMSURG ASCs

162.   AMSURG's ownership of Defendant St. George Endoscopy Center LLC in partnership with St. George Gastroenterology Partners LLC, a company of physicians (i.e., Drs. Bown, Siddoway, Hixson, and Woerlein) who performed surgical procedures at this ASC, was part of AMSURG's nationwide business model.

163.   Between January 1, 2013 and the present, under AMSURG's business model, each AMSURG ASC was a joint venture between AMSURG and physicians, including ASC Physician Owners who referred their patients to the ASC for surgical procedures.   To own and operate each AMSURG ASC, AMSURG typically created a Tennessee limited liability company with the sole members being AmSurg Holdings, Inc. or another ENVISION subsidiary, with at least a 51% ownership interest, and the physicians, either individually or jointly through a single company or other entity, with no more than a 49% ownership interest, in the ASC.   However, in California, which prohibits the corporate practice of medicine, and sometimes in other states, AMSURG would create limited partnerships to own the AMSURG ASCs in that state, with AmSurg Holdings, Inc. being the general partner and the physicians being limited partners, but with the same division of ownership interests between AmSurg Holdings, Inc. and the physician limited partners.   This business model was described by

NELSON HARDIMAN LLP
1100 Glendon Avenue, 14ᵗʰ Floor
LOS ANGELES, CALIFORNIA 90024

1  AMSURG in its Annual Report filing with the U.S. Securities and Exchange

2  Commission ("10-K") for 2012 ("2012 10-K"), as follows:

3  
4  
5  
6  
7
> Physicians are critical to the delivery of healthcare and are a valuable component of our operating model. We currently operate 240 ASCs with over 2,000 physician partners. We typically structure partnerships with physicians in a 51% / 49% ownership relationship, which we believe is mutually beneficial to us and our physician partners.
>
> ....

8  
9  
10  
11  
12  
13  
14  
15  
16
> As part of each acquisition or development transaction, we form a limited partnership or limited liability company and enter into a limited partnership agreement or operating agreement with our physician partners. We generally own 51% of the limited partnerships or limited liability companies. Under these agreements, we receive a percentage of the net income and cash distributions of the entity equal to our percentage ownership interest in the entity and have the right to the same percentage of the proceeds of a sale or liquidation of the entity. In the limited partnership structure, as the sole general partner, one of our affiliates is generally liable for the debts of the limited partnership. However, the physician partners are generally required to guarantee their pro rata share of any indebtedness or lease agreements to which the limited partnership is a party in proportion to their ownership interest in the limited partnership.

17  
18
164.   This AMSURG business model was similarly described by AMSURG in its 2015 10-K, as follows:

19  
20  
21  
22  
23
> Physicians are critical to the delivery of healthcare and are a valuable component of our operating model. At December 31, 2015, we operated 257 ASCs with approximately 2,000 physician partners and approximately 1,000 non-partner physicians who utilize our centers. We typically structure partnerships with physicians in a 51% / 49% ownership relationship, whereby we are the majority member.
>
> ....

24  
25  
26  
27  
28
> As part of each surgery center acquisition or development transaction, we generally form an LLC or LP, which are referred to herein as "partnerships" where certain states require and enter into an operating agreement or a LP agreement with our physician partners. We generally own 51% of the partnerships.  Under these agreements, we receive a percentage of the net income and cash distributions of the entity equal to our percentage ownership interest in the entity and

NELSON HARDIMAN LLP
1100 Glendon Avenue, 14ᵗʰ Floor
LOS ANGELES, CALIFORNIA 90024

have the right to the same percentage of the proceeds upon a sale or liquidation of the entity.  In the LP structure, as the sole general partner, one of our affiliates is generally liable for the debts of the LP.  However, the physician partners are generally required to guarantee their pro rata share of any indebtedness or lease agreements to which the limited partnership is a party in proportion to their ownership interest in the LP.

165.   Between 2012 and the present, AMSURG's corporate and court filings reflect that while the AMSURG ASCs may handle clinical issues at a local level, AMSURG provides administrative and operational oversight of its business model from its Nashville headquarters.  As detailed above, AMSURG's ownership interest in the AMSURG ASCs was typically held by Defendant AmSurg Holdings, Inc. and each AMSURG ASC's NPI would usually identify the authorized official as an officer of AMSURG's Ambulatory Services Division.  In addition, AMSURG's 2012 10-K further confirms its centralized operation of the AMSURG ASCs:

> Under our partnership structure, physicians gain a partner in AmSurg who provides management services, including clinical and regulatory support, financial reporting, performance measurement, group purchasing, contracting, and marketing services.
> ….
> We manage each limited partnership and limited liability company and oversee the business office, contracting, marketing, financial reporting, accreditation, clinical, regulatory and administrative operations of the surgery center. The physician partners provide the center with a medical director and performance improvement chairman and may provide certain other specified services such as billing and collections, transcription and accounts payable processing. In addition, the limited partnership or limited liability company may lease the services of certain non-physician personnel from entities affiliated with the physician partners, who will provide services at the center. Certain significant aspects of the limited partnership's or limited liability company's governance are overseen by an operating board, which is comprised of equal representation by AmSurg and our physician partners. We work closely with our physician partners to

increase the likelihood of a successful partnership.

....

We have a dedicated business development team that is responsible for negotiating contracts with third party payors....We also increase awareness of the benefits of our ASCs with employers and patients through public awareness programs, health fairs and screening programs, including programs designed to educate employers and patients as to the health and cost benefits of our services.

166. According to a 2017 AMSURG court pleading, AMSURG also maintained "an electronic library of form templates relating to various surgery center policies and procedures that can be accessed and utilized by the surgery centers in which AmSurg has an ownership interest."

167. In its 2015 10-K, AMSURG reported that it derived approximately 26% of its ASC revenues in 2015 and approximately 25% of its ASC revenues in 2013 and 2014 from governmental healthcare programs, primarily Medicare. AMSURG further described its billing of AMSURG ASC facility services as follows:

Revenues from our ASCs are derived from facility fees charged for surgical procedures performed and, at certain of our surgery centers (primarily centers that perform gastrointestinal endoscopy procedures), charges for anesthesia services provided by medical professionals employed or contracted by our centers. These fees vary depending on the procedure, but usually include all charges for operating room usage, special equipment usage, supplies, recovery room usage, nursing staff and medications. Facility fees do not include professional fees charged by the physicians that perform the surgical procedures. Revenues are recorded at the time of the patient encounter and billings for such procedures are made on or about that same date.

**E.** **AMSURG Ownership and Management of AMSURG Anesthesia Companies**

168. Defendant St. George Endoscopy Center LLC's ownership of Defendant AmSurg St. George Anesthesia, LLC is consistent with  AMSURG's

NELSON HARDIMAN LLP
1100 Glendon Avenue, 14th Floor
LOS ANGELES, CALIFORNIA 90024

599086.1

nationwide business of partnering with physicians at certain AMSURG ASCs by providing the Physician ASC Owners with an ownership interest in an affiliated AMSURG Anesthesia Company that is the exclusive provider of anesthesia services for their ASC patients.

169.   In particular, by way of ENVISION's Physician Services Division, AMSURG provides professional anesthesia services to healthcare facilities, including the Defendant AMSURG ASCs.  In its 2015 10-K, AMSURG asserted that such outsourced physician services could benefit its ASCs because they would, among other things, "create physician services segment new contract win opportunities at our surgery centers" and "increase revenue opportunities within our gastroenterology and multi-specialty facilities."

170.   Generally, AMSURG expanded its ASC management services to include professional anesthesia services for certain AMSURG ASCs that provided gastroenterology surgical procedures (e.g., endoscopies and colonoscopies) and where the profit margin on insurance reimbursement for anesthesia services, including from Medicare and TRICARE, was higher because these surgical procedures were done faster and resulted in a higher volume of cases per day.  As noted above, the names of the defendant AMSURG ASCs and AMSURG Anesthesia Companies indicate the majority are endoscopy centers.

171.   Beginning before January 1, 2013 continuing through the present, AMSURG set up AMSURG Anesthesia Companies that were owned by the AMSURG ASC (or by AmSurg and the ASC Physician Owners) to exclusively provide anesthesia services to the ASC Physician Owners' ASC patients.   The AMSURG Anesthesia Companies contracted with independent anesthetists, usually CRNAs, but sometimes anesthesiologists, to provide professional anesthesia services to the AMSURG ASC patients for a fixed per diem rate in exchange for assigning their claims to the AMSURG Anesthesia Company or the AMSURG ASC for billing and collection.   In its 2012 10-K, AMSURG

NELSON HARDIMAN LLP
1100 Glendon Avenue, 14ᵗʰ Floor
LOS ANGELES, CALIFORNIA 90024

58

COMPLAINT

1   acknowledged in a discussion of AMSURG ASC owners that "certain of our

2   limited partnership and limited liability companies have entered into certain

3   arrangements for professional services, including arrangements for anesthesia

4   services."

5      172. According to a May 2017 AMSURG email, detailed above,

6   AMSURG's per diem payments to CRNAs does not exceed $1,025 per day.

7   Based on the average 15 anesthesia cases performed daily by a contracted CRNA

8   at AMSURG ASCs, the insurance reimbursement received by the AMSURG

9   Anesthesia Companies is substantially higher than the Companies' cost of paying

10  the per diem rates to the CRNAs who perform the anesthesia services.   For

11  example, in 2019, the average reimbursement for anesthesia services at Defendant

12  St. George Endoscopy Center was approximately $ 3,500 a day for 15 anesthesia

13  cases.

14     173.  By providing the ASC Physician Owners with an ownership interest

15  in the AMSURG Anesthesia Companies, AMSURG shared the revenue with ASC

16  Physician Owners from anesthesia services performed by the anesthesia providers

17  for the Physicians' ASC patients based on the same ownership interest held by the

18  ASC Physician Owners (usually 49%) in their AMSURG ASC.  In its 2012 and

19  2015 10-Ks, AMSURG confirmed that the AMSURG ASCs derived revenue from

20  the AMSURG Anesthesia Companies' billing of anesthesia services, as follows:

> Our revenues are derived from facility fees charged for surgical
> procedures performed in our surgery centers **and, at certain of our
> surgery centers (primarily ASCs at which gastrointestinal
> procedures are performed), charges for anesthesia services
> delivered by medical professionals employed or contracted by our
> centers**. These fees vary depending on the procedure, but usually
> include all charges for operating room usage, special equipment
> usage, supplies, recovery room usage, nursing staff and medications.
> Facility fees do not include professional fees charged by the physician
> that performs the surgical procedure. Revenue is recorded at the time
> of the patient encounter and billings for such procedures are made on

NELSON HARDIMAN LLP
1100 Glendon Avenue, 14th Floor
LOS ANGELES, CALIFORNIA 90024

or about that same date.

AMSURG 2012 10-K (emphasis added).

> Revenues from our ASCs are derived from facility fees charged for surgical procedures performed **and, at certain of our surgery centers (primarily centers that perform gastrointestinal endoscopy procedures), charges for anesthesia services provided by medical professionals employed or contracted by our centers.** These fees vary depending on the procedure, but usually include all charges for operating room usage, special equipment usage, supplies, recovery room usage, nursing staff and medications. Facility fees do not include professional fees charged by the physicians that perform the surgical procedures. Revenues are recorded at the time of the patient encounter and billings for such procedures are made on or about that same date.

AMSURG 2015 10-K (emphasis added). AMSURG's 2015 10-K also indicated that the AMSURG ASCs' revenue for anesthesia services necessarily included Medicare reimbursement revenue as the 10-K stated that AMSURG had derived between 25% and 26% of its ASC revenue between 2013 and 2015 from governmental healthcare programs, primarily Medicare.

174. From January 1, 2013 to the present, AMSURG's corporate and court filings reflect that while the AMSURG ASCs and the AMSURG Anesthesia Companies may bill the anesthesia services provided by the AMSURG Anesthesia Companies at a local level, AMSURG provides administrative and operational oversight of the AMSURG Anesthesia Companies from its Nashville headquarters. As detailed above, AMSURG's ownership interest in the AMSURG Anesthesia Companies was typically held by the affiliated AMSURG ASC in which AmSurg Holdings, Inc. or another AMSURG subsidiary held a majority ownership interest and each AMSURG Anesthesia Company's NPI would usually identify its authorized official as the President of AMSURG's Ambulatory Services Division. Although the AMSURG Anesthesia Companies had names typically including the word "anesthesia" and the city where the affiliated AMSURG ASC was located, all

NELSON HARDIMAN LLP
1100 Glendon Avenue, 14ᵗʰ Floor
LOS ANGELES, CALIFORNIA 90024

of the AMSURG Anesthesia Companies were Tennessee companies with their principal place of business listed as AMSURG's Nashville headquarters. AMSURG also divided the United States into three regions with regional directors overseeing the AMSURG Anesthesia Companies and other anesthesia providers from AMSURG's Nashville Tennessee headquarters,  In addition, AMSURG's 2015 10-K further confirmed its centralized operation of the AMSURG Anesthesia Companies:

> We are one of the two largest and most experienced providers of outsourced anesthesia services in the United States….Our anesthesia care teams provide anesthesiology services to hospitals, ASCs and other healthcare facilities in 19 states. These teams are comprised of board-certified or board-eligible physicians and allied health professionals which include certified registered nurse anesthetists (CRNAs) and Anesthesia Assistants. Our anesthesiologists are a key part of the effective management and productivity of hospital surgery departments, ASCs and other healthcare facilities.
>
> ….
>
> Our physician services segment revenue primarily consists of fee for service revenue and contract revenue and is derived principally from the provision of physician services to patients of the healthcare facilities we serve.
>
> ….
>
> Our physician services segment performs substantially all of the billing for our affiliated physicians and employs a billing staff of approximately 600 employees.

175. As previously described, AMSURG also centrally administered the AMSURG Anesthesia Companies' contracts with independent anesthesia providers, including the marketing of independent contractor vacancies, contract negotiations, and *per diem* payments for providing anesthesia services at the AMSURG ASCs through its Ambulatory Services Division in Nashville, Tennessee.

**F.    Defendants Knowledge of Applicable Laws**

176. From January 1, 2013 to the present, Defendants knew that the FCA

NELSON HARDIMAN LLP
1100 Glendon Avenue, 14th Floor
LOS ANGELES, CALIFORNIA 90024

NELSON HARDIMAN LLP
1100 Glendon Avenue, 14ᵗʰ Floor
LOS ANGELES, CALIFORNIA 90024

1    imposed liability for federal healthcare program claims that were the result of AKS

2    violations. For example, in its 10-K for 2012, AMSURG acknowledged that the

3    (1) "federal anti-kickback statute prohibits healthcare providers and others from

4    soliciting, receiving, offering or paying, directly or indirectly, any remuneration

5    (including any kickback, bribe or rebate) with the intent of generating referrals or

6    orders for services or items covered by a federal healthcare program,;" (2) the

7    "anti-kickback statute is very broad in scope;" (3) "[c]ourts have found a violation

8    of the anti-kickback statute if just one purpose of the remuneration is to generate

9    referrals, even if there are other lawful purposes; (4) "knowledge of the law or

10    intent to violate the law is not required to establish a violation of the anti-kickback

11    statute," and (5) "submission of a claim for services or items generated in violation

12    of the anti-kickback statute constitutes a false or fraudulent claim and may be

13    subject to additional penalties under the federal False Claims Act." *See also* 42

14    U.S.C. § 1320a-7b(g) (2010). AMSURG's 2012 10-K also recognized that the

15    AKS has a number of regulatory exceptions (known as "safe harbors") for certain

16    financial arrangements which will not violate the statute if their specified

17    conditions are satisfied, including safe harbors for ASC investments, investments

18    in small business entities, and personal services or management contracts. *See also*

19    42 C.F.R. § 1001.952.

20        177. Between 2012 and the present, Defendants also knew that the U.S.

21    Department of Health and Human Services' Office of Inspector General ("OIG")

22    had repeatedly informed the Medicare provider community that investments in

23    health care facilities by providers or others in a position to refer patients or other

24    healthcare business to the facilities violate the AKS if one purpose of the

25    investment is to induce such referrals by sharing the resulting profits with the

26    referring investors, and that OIG also has long-standing AKS concerns about joint

27    ventures between those in a position to refer business, such as ASC physician

28    owners, and those furnishing federal healthcare program services, especially when

1   all or most of the joint venture's business is derived from one or more of the joint

2   venturer.  *See* Advisory Opinion No. 12-06 (June 1, 2012); 59 Fed. Reg. 65373,

3   65374 (Dec. 19, 1994).

4        178.  In a 1989 Special Fraud Alert, the OIG described a variety of joint

5   venture arrangements that violated the AKS because they did not have a legitimate

6   reason, but were instead intended to "lock up a stream of referrals from physician

7   investors and to compensate them indirectly for these referrals."  *See* OIG August

8   1989 Special Fraud Alert: Joint Venture Arrangements, available at 59 Fed. Reg.

9   65372, 65474 (Dec. 19, 1994).  In an April 2003 Special Bulletin, OIG identified

10   the type of contractual joint venture that would violate the AKS, as follows:

> [A] health care provider in one line of business (hereinafter referred to
> as the "Owner") expands into a related health care business by
> contracting with an existing provider of a related item or service
> (hereinafter referred to as the "Manager/Supplier") to provide a new
> item or service to the Owner's existing patient population, including
> federal healthcare program patients.  The Manager/Supplier not only
> manages the new line of business, but may also supply it with
> inventory, employees, space, billing and other services.  In other
> words, the Owner contracts substantially the entire operation of the
> related line of business to the Manager/Supplier – otherwise a
> potential competitor – receiving in return the profits of the business as
> remuneration for its federal program referrals."

19        179.  The OIG has also "stated on numerous occasions its view that the

20   opportunity to generate a fee could constitute illegal remuneration under the anti-

21   kickback statute, even if no payment is made for a referral."  Advisory Opinion

22   No. 13-15 (Nov. 5, 2013).

23        180.  With respect to ACSs, OIG's chief published concern in promulgating

24   the safe harbor for ASC investments to promote cost savings from performing

25   appropriate surgeries in an outpatient clinic rather than a hospital setting was that

26   "a return on investment in an ASC might be a disguised payment for referrals."  64

27   Fed. Reg. 63518, 63536 (Nov. 19, 1999).  However, recognizing that some

NELSON HARDIMAN LLP
1100 Glendon Avenue, 14th Floor
LOS ANGELES, CALIFORNIA 90024

physician-owned ASCs could be beneficial to federal health care programs, the OIG concluded:

> Where the ASC is functionally an extension of a physician's office, so that the physician personally performs services at the ASC on his or her own patients as a substantial part of his or her medical practice, we believe that the ASC serves a bona fide business purpose and that the risk of improper payments for referrals is relatively low.

*Id.* More specifically, the OIG believed that the safe harbor's requirement that each ASC physician owner must derive at least a third of their annual medical practice from the physician owner's performance of procedures at the ASC would "ensure that physician investors will have no significant incentive beyond receipt of their professional fees to refer to the entity or any of its investors, because any return on investment will be attributable primarily to legitimate business and only tangentially to possible referrals of ASC business." *Id.* at 63537.

181. In Advisory Opinion No. 12-06 (May 22, 2012), the OIG opined about whether the AKS could be violated by an arrangement between physician-owned ASCs and an anesthesia provider under which the ASC physician owners would set up anesthesia companies, owned by them or the ASCs, to exclusively provide and bill anesthesia services for their ASC patients and would contract with the anesthesia provider to perform such services at a negotiated rate, with the companies retaining any profits from claim collections. Initially, the OIG concluded that the ASC physician owners' return on their investment in the anesthesia companies was not protected by either the safe harbor for ASC investments because these companies were not ASCs nor by the safe harbors for employees and personal services contracts which only potentially applied to the companies' payments of the negotiated rate to the anesthesia provider. The OIG also found that the arrangement included many of the suspect elements of improper joint ventures previously identified in its April 2003 Special Bulletin:

NELSON HARDIMAN LLP
1100 Glendon Avenue, 14th Floor
LOS ANGELES, CALIFORNIA 90024

    a.    The ASC physician owners would be expanding into a related line of business – anesthesia services – that would be wholly dependent on the ASCs' referrals.

    b.    The ASC physician owners would not actually participate in the operation of the anesthesia companies, but rather would contract out substantially all of the operations exclusively to the anesthesia provider.

    c.    The ASC physician owners' actual business risk would be minimal because they would control the amount of business they would refer to the anesthesia.

    d.    The anesthesia provider was an established provider of the same services as the anesthesia companies and otherwise would be a competitor providing the services in its own right, billing insurers and patients in its own name, and collecting and retaining all available reimbursement; and

    e.    The anesthesia provider and the ASC physician owners would share in the economic benefit of the ASCs' new business, with the anesthesia provider receiving its share in the form of a negotiated rate and the ASC physician owners "receiving their share in the form of the residual profits from the new business."

As a result, the OIG opined that the ASC physician owners' receipt of profits from the anesthesia companies could violate the AKS because the proposed arrangement appeared "designed to permit the [ASC physician-owners] to do indirectly what they cannot do directly; that is, to receive compensation, in the form of a portion of the [anesthesia provider's] anesthesia services revenues, in return for their referrals to the [anesthesia provider]" and that this conclusion was supported by the anesthesia provider being under competitive pressure to enter into the proposed arrangements to avoid financial losses.

NELSON HARDIMAN LLP
1100 Glendon Avenue, 14ᵗʰ Floor
LOS ANGELES, CALIFORNIA 90024

182.   In Advisory Opinion No. 13-15 (Nov. 5, 2013), the OIG also opined that the AKS could be violated by a contract under which a psychiatric group paid an anesthesia provider a fixed per diem rate to furnish anesthesia services for electroconvulsive therapy ("ECT") one day a week and the anesthesia provider assigned its right to bill those services to the group.   The OIG found that the personal services contract safe harbor contract did not protect the per diem payments because the aggregate compensation over the life of the agreement was not set forth in advance nor fair market value, and did not apply to the remuneration provided by the anesthesia provider to the group in the form of an opportunity to bill and collect the difference between the per diem rate and insurance reimbursement.   Absent safe harbor protection, the OIG concluded that there was a significant risk that the AKS would be violated because the arrangement "appears to be designed to permit the Psychiatry Group to do indirectly what it cannot do directly; that is, to receive compensation, in the form of a portion of [the provider's] anesthesia services revenues, in return for the Psychiatry Group's referrals of ECT patients to Requestor for anesthesia services."

183.   Defendants' knowledge of these OIG opinions and interpretation of the AKS in the context of ASC investments and joint ventures was confirmed by AMSURG's 2012 10-K in which the company acknowledged that "limited partnerships and limited liability companies that own our surgery centers do not meet all of the criteria of either of the investment interests safe harbors or the surgery center safe harbor" and therefore did "not qualify for safe harbor protection from government review or prosecution under the anti-kickback statute."   AMSURG further acknowledged OIG's Advisory Opinion No. 12-06 stating that ASC physician owners' receipt of profits from anesthesia services provided to their ASC patients through their ownership of anesthesia companies that contracted the services to independent anesthetists could violate the AKS:

599086.1

In addition, certain of our limited partnership and limited liability companies have entered into certain arrangements for professional services, including arrangements for anesthesia services. In May 2012, the OIG issued an advisory opinion in which it concluded that two proposed arrangements between an anesthesia group and physician-owned ASCs could result in prohibited remuneration under the federal anti-kickback statute.

184. Nevertheless, in its 2012-10K, AMSURG stated that it "believe[d] our arrangements for anesthesia services are unlike those described in the OIG advisory opinion and are in compliance with the requirements of the federal anti-kickback statute." This AmSurg statement was knowingly false.

## G.     Defendants' First Kickback Scheme

185. Instead, from January 1, 2013 to the present, AMSURG and the other Defendants knew and did not publicly disclose that the Defendant AMSURG Anesthesia Companies' per diem contracts with anesthesia providers were knowingly and willfully intended by them to solicit and receive illegal remuneration from the anesthesia providers in exchange for the Defendant AMSURG Anesthesia Companies' patient referrals to the anesthesia providers because the contracts, consistent with the suspect factors identified in OIG Advisory Opinion No. 13-15, had the following characteristics:

a.     The Defendant AMSURG Anesthesia Companies' per diem contracts with anesthesia providers were not protected by the AKS safe harbor for personal services contracts, including because the aggregate compensation over the life of anesthesia providers' contracts was not set forth in advance and because this safe harbor did not apply to the remuneration provided by the anesthesia providers in the form of an opportunity to bill and collect the difference between the per diem rate and insurance reimbursement.

NELSON HARDIMAN LLP
1100 Glendon Avenue, 14ᵗʰ Floor
LOS ANGELES, CALIFORNIA 90024

599086.1

b.   Because Defendant AMSURG Anesthesia Companies were owned by Defendant AMSURG ASCs and the exclusive provider of anesthesia services at those ASCs, the anesthesia providers' contracts required the anesthesia providers to provide illegal remuneration, in the form of an opportunity for the Defendant AMSURG Anesthesia Companies to bill the anesthesia providers' assigned claims to insurance plans and programs and profit from the difference between the per diem rates and the higher insurance reimbursement, in exchange for the ASC Physician Owners referrals of patients via the Defendant AMSURG Anesthesia Companies to the anesthesia providers.

c.   By assigning their claims, the contracted anesthesia providers provided Defendant AMSURG Anesthesia Companies with substantial remuneration in exchange for such patient referrals because the insurance revenue billed and received by Defendant AMSURG Anesthesia Companies was significantly higher (up to approximately 70%) than their per diem cost of providing the anesthesia services to AMSURG ASC patients.

186.   As such, AMSURG and the Defendant AMSURG Anesthesia Companies' arrangements with contracted per diem anesthesia providers violated the AKS because they designed this arrangement to permit the ASC Physician Owners and AMSURG Anesthesia Companies to knowingly and willfully "do indirectly what [they] cannot do directly; that is, to receive compensation, in the form of a portion of [the anesthesia providers'] anesthesia services revenues" in return for their referrals of AMSURG ASC patients to the anesthesia providers for anesthesia services. *See* OIG Advisory Opinion No. 13-15.

H.   **Defendants' Second Kickback Scheme**

187.   AMSURG and the AMSURG ASC owners, through the 56 AMSURG Anesthesia MSOs (the Companies) bill and receive reimbursement for anesthesia

NELSON HARDIMAN LLP
1100 Glendon Avenue, 14ᵗʰ Floor
LOS ANGELES, CALIFORNIA 90024

599086.1

1   services performed by Relator and other anesthesia providers throughout the

2   nation.

3        188.   Between January 1, 2013 and  the present, AMSURG and the other

4   Defendants knew and did not publicly disclose that their provision of an ownership

5   interest to ASC Physician Owners in the AMSURG Anesthesia Companies and a

6   resulting share in the profits from anesthesia services performed on their ASC

7   patients by contracted anesthesia providers was willfully and knowingly intended

8   to illegally induce the ASC Physician Owner to refer their patients to their

9   AMSURG ASCs and the AMSURG Anesthesia Companies because, consistent

10   with the suspect factors identified by OIG Advisory Opinion No. 12-06,

11   AMSURG's joint venture  with the ASC Physician Owners had the following

12   characteristics:

13        a.   The ASC Physician Owners' ownership interest and receipt of

14        profits from their investment in an AMSURG Anesthesia

15        Company were not protected by the AKS regulatory safe

16        harbors for ASC investments and investments in small entities

17        or any other safe harbor, including because AMSURG

18        Anesthesia Company was not an ASC and more than 40% of

19        the AMSURG Anesthesia Company's revenue was generated

20        by the ASC Physician Owners who performed surgeries

21        requiring anesthesia at the ASC.

22        b.   Through their ownership interest in an AMSURG Anesthesia

23        Company, the ASC Physician Owners were expanding into a

24        related line of business – anesthesia services – that would be

25        wholly dependent on their referrals of patients to their

26        AMSURG ASC because the AMSURG Anesthesia Company

27        was the exclusive provider of such services for ASC patients.

28

NELSON HARDIMAN LLP
1100 Glendon Avenue, 14ᵗʰ Floor
LOS ANGELES, CALIFORNIA 90024

COMPLAINT

c.   The ASC Physician Owners did not actually participate in the operation of the AMSURG Anesthesia Company because AMSURG contracted out all the anesthesia services to contracted anesthesia providers paid at per diem rates and then billed the anesthesia providers' assigned claims to health insurance plans and collected the resulting anesthesia revenue.

d.   The ASC Physician Owners' actual business risk with respect to their ownership interest in the AMSURG Anesthesia Company was minimal because they would control the amount of patient business they would refer to the AMSURG Anesthesia Company and the cost of providing anesthesia services through per diem anesthesia providers was far less than the health plan and program reimbursement billed and collected by the AMSURG Anesthesia Company.

e.   The contracted anesthesia providers were established providers of the same anesthesia services as the AMSURG Anesthesia Companies and, absent their contract, would be competitors providing the anesthesia services in their own right, billing insurers and patients in their own names, and collecting and retaining all available reimbursement; and

f.   The contracted anesthesia providers and the ASC Physician Owners shared in the economic benefit of the AMSURG ASCs' new anesthesia business, with the anesthesia providers receiving their share in the form of the negotiated per diem rates and the ASC Physician Owners "receiving their share in the form of the residual profits from the new business" which, based on the significant difference between the anesthesia providers per diem rates and the higher insurance reimbursement received, were substantial.

NELSON HARDIMAN LLP
1100 Glendon Avenue, 14th Floor
LOS ANGELES, CALIFORNIA 90024

1    189.   As such, AMSURG and the Defendants' provision to ASC Physician

2    Owners of an ownership interest in Defendant AMSURG Anesthesia Companies

3    and a resulting share of profits from anesthesia services provided to their

4    AMSURG ASC patients violated the AKS because Defendants knowingly and

5    willfully designed this arrangement to permit the ASC Physician Owners "to do

6    indirectly what they cannot do directly; that is, to receive compensation, in the

7    form of a portion of the [CRNAs'] anesthesia services revenues" in return for their

8    patient referrals to the Defendant AMSURG ASCs and affiliated AMSURG

9    Anesthesia Companies.

10   ///

11   ///

NELSON HARDIMAN LLP
1100 Glendon Avenue, 14ᵗʰ Floor
LOS ANGELES, CALIFORNIA 90024

599086.1

71

COMPLAINT

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

NELSON HARDIMAN LLP
1100 Glendon Avenue, 14ᵗʰ Floor
LOS ANGELES, CALIFORNIA 90024

**FIRST CLAIM FOR RELIEF**

**FALSE CLAIMS ACT: PRESENTATION OF FALSE CLAIMS**

**31 U.S.C. § 3729(A)(1)**

**(Against All Defendants)**

190.   Relator incorporates by reference paragraphs 1-189 of this Complaint as though fully set forth herein.

191.   Between January 1, 2012 and the present, Defendants knowingly submitted or caused to be submitted false claims to the Medicare and TRICARE programs that were the result of violations of the AKS, consisting of:

a.   The Medicare and TRICARE claims of Defendant AmSurg St. George Anesthesia, LLC and the other Defendant AmSurg Anesthesia Companies for anesthesia services provided to patients of Defendant St. George Endoscopy Center, LLC and the other defendant AmSurg ASCs by contracted CRNAs that were the result of illegal remuneration by the CRNAs to Defendant AmSurg St. George Anesthesia, LLC and the other Defendant AmSurg Anesthesia Companies in the form of an opportunity to bill the CRNAs' claims and profit from anesthesia reimbursement in exchange for patient referrals to the CRNAs by Defendant AmSurg St. George Anesthesia, LLC and the other Defendant AmSurg Anesthesia Companies; and

a.   The Medicare and TRICARE claims of (i) Defendant St. George Endoscopy Center, LLC and the other defendant AmSurg ASCs for facility services, (ii) Defendant AmSurg St. George Anesthesia, LLC. and the other Defendant AmSurg Anesthesia Companies for anesthesia services, and (iii) the ASC Physician Owners for professional services, that were all the result of illegal remuneration provided by Defendants to the ASC Physician Owners in the form of an ownership interest in Defendant AmSurg St. George Anesthesia,

72

COMPLAINT

LLC or one of the other Defendant AmSurg Anesthesia Companies and a share in the profits from the anesthesia services provided to their ASC patients by CRNAs, in order to induce the ASC Physician Owners' referrals of patients to Defendant St. George Endoscopy Center, Defendant AmSurg St. George Anesthesia, LLC, or one of the other Defendant AmSurg ASCs and Defendant AmSurg Anesthesia Companies.

192.   The false Medicare and TRICARE claims that Defendants submitted or caused to be submitted include, but are not limited to, the following claims submitted on or about the specified dates by Defendant St. George Endoscopy Center, LLC for facility services, Defendant AmSurg St. George Anesthesia, LLC for anesthesia services, and the specified ASC Physician owners for professional services provided to the following ASC patients for the following surgical procedures:

| Patient Initials | Claim Date | Surgical Procedure | Federal Healthcare Program | ASC Physician Owner |
|---|---|---|---|---|
| CM | 04/02/2019 | Endoscopy | Medicare | Bown |
| WE | 04/02/2019 | Colonoscopy | Medicare | Bown |
| WF | 04/02/2019 | Endoscopy/Colonoscopy | Medicare | Bown |
| MU | 04/02/2019 | Colonoscopy | Medicare | Bown |
| RG | 04/02/2019 | Endoscopy | Medicare | Bown |
| LEB | 04/02/2019 | Colonoscopy | Medicare | Bown |
| TT | 04/02/2019 | Colonoscopy | Medicare/Tricare | Siddoway |
| SC | 04/02/2019 | Colonoscopy | Medicare | Siddoway |
| TL | 04/02/2019 | Colonoscopy | Medicare | Siddoway |
| RM | 04/02/2019 | Colonoscopy | Medicare | Siddoway |
| MB | 04/02/2019 | Colonoscopy | Medicare | Siddoway |
| DM | 04/02/2019 | Colonoscopy | Medicare/Tricare | Siddoway |
| VH | 04/03/2019 | Colonoscopy | Medicare | Siddoway |
| WS | 04/03/2019 | Colonoscopy | Medicare | Siddoway |
| DB | 04/03/2019 | Colonoscopy | Medicare | Siddoway |
| LN | 04/03/2019 | Colonoscopy | Medicare | Siddoway |

NELSON HARDIMAN LLP
1100 Glendon Avenue, 14th Floor
LOS ANGELES, CALIFORNIA 90024

599086.1

1    193.   By virtue of the false or fraudulent claims made or caused to be made

2    by Defendants, the United States incurred damages and therefore is entitled to

3    treble damages under the FCA, to be determined at trial, plus a civil penalty for

4    each FCA violation.

5    ///

6    ///

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

NELSON HARDIMAN LLP
1100 Glendon Avenue, 14ᵗʰ Floor
LOS ANGELES, CALIFORNIA 90024

599086.1

NELSON HARDIMAN LLP
1100 Glendon Avenue, 14ᵗʰ Floor
LOS ANGELES, CALIFORNIA 90024

## SECOND CLAIM FOR RELIEF

## FALSE CLAIMS ACT: MAKING OR USING FALSE

## RECORD OR STATEMENT

### 31 U.S.C. § 3729(A)(2)

### (Against All Defendants)

194.   Relator incorporates by reference paragraphs 1-193 of this Complaint as though fully set forth herein.

195.   Between January 1, 2012 and the present, Defendants knowingly made, used or caused to be made or used, false records or statements, to get the United States to pay false and fraudulent Medicare and TRICARE claims by the Defendant AmSurg ASCs for facility services, Defendant AmSurg Anesthesia Companies for anesthesia services, and ASC Physician Owners for professional services, provided to Medicare and TRICARE patients at the Defendant AmSurg ASCs.

196.   By virtue of the false or fraudulent records or statements made or caused to be made by Defendants, the United States suffered damages and therefore is entitled to treble damages under the False Claims Act, to be determined at trial, plus a civil penalty for each FCA violation.

///

///

COMPLAINT

599086.1

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

NELSON HARDIMAN LLP
1100 Glendon Avenue, 14ᵗʰ Floor
LOS ANGELES, CALIFORNIA 90024

**THIRD CLAIM FOR RELIEF**

**FALSE CLAIMS ACT: REVERSE FALSE CLAIMS**

**31 U.S.C. § 3729(a)(1)(G)**

**(Against All Defendants)**

197.   Relator incorporates by reference paragraphs 1-196 of this Complaint as though fully set forth herein.

198.   Between January 1, 2012 and the present, Defendants knowingly concealed or caused to be concealed an obligation to pay or transmit money or property to the United States, consisting of the Medicare and TRICARE overpayments made on the false claims by the Defendant AmSurg ASCs for facility services, Defendant AmSurg Anesthesia Companies for anesthesia services, and ASC Physician Owners for professional services, provided to Medicare and TRICARE patients at the Defendant AmSurg ASCs.

199.   By virtue of Defendants' knowing failure to return these Medicare and TRICARE overpayments, the United States suffered damages and therefore is entitled to treble damages under the False Claims Act, to be determined at trial, plus a civil penalty for each FCA violation.

///

///

599086.1

COMPLAINT

1

## FOURTH CLAIM FOR RELIEF

## FALSE CLAIMS ACT: CONSPIRACY

## 31 U.S.C. § 3729(a)(1)(C)

## (Against All Defendants)

200.   Relator incorporates by reference paragraphs 1-199 of this Complaint as though fully set forth herein.

201.   Between January 1, 2012 and the present, Defendants knowingly conspired with each other and the ASC Physician Owners to violate the FCA, 31 U.S.C. § 3729(a)(1)(A), (B) and/or (G), by submitting or causing to be submitted false or fraudulent claims to the Medicare and TRICARE programs.

202.   By virtue of this conspiracy, the United States suffered damages and is therefore is entitled to treble damages under the False Claims Act, to be determined at trial, plus a civil penalty for each FCA violation.

///

///

NELSON HARDIMAN LLP
1100 Glendon Avenue, 14ᵗʰ Floor
LOS ANGELES, CALIFORNIA 90024

599086.1

77

COMPLAINT

1

### **PRAYER**

WHEREFORE, Relator, on behalf of the United States, demands and prays that judgment be entered in favor of the United States and against Defendants, jointly and severally, as follows:

a.    Defendants pay an amount equal to three times the amount of damages the United States has sustained because of Defendants' actions, plus a civil penalty against Defendants for each FCA violation;

b.    Relator be awarded the maximum amount allowed pursuant to 31 U.S.C. § 3730(d);

c.    Defendants cease and desist from violating the False Claims Act, 31 U.S.C. §§ 3729 *et seq.*;

d.    Relator be awarded all costs of this action, including attorneys' fees, expenses, and costs pursuant to 31 U.S.C. § 3730(d); and

e.    The United States and Relator be granted all costs, pre- and post-judgment interest and all such further relief as the Court deems just and proper.

DATED:  May 15, 2019

Respectfully submitted,

NELSON HARDIMAN LLP


By:   s/ Katherine A. Bowles
Attorneys for Relator
JACK WATERS

NELSON HARDIMAN LLP
1100 Glendon Avenue, 14ᵗʰ Floor
LOS ANGELES, CALIFORNIA 90024

599086.1

COMPLAINT