**BOUTIN JONES INC.**
Robert D. Swanson SBN 162816
rswanson@boutinjones.com
555 Capitol Mall, Suite 1500
Sacramento, CA 95814-4603
T: (916) 321-4444/F: (916) 442-7597

**BASS BERRY & SIMS PLC**
Brian D. Roark (*Admitted Pro Hac Vice*)
broark@bassberry.com
Taylor M. Sample (*Admitted Pro Hac Vice*)
taylor.sample@bassberry.com
150 Third Avenue South, Suite 2800
Nashville, TN 37201
T: (615) 742-7753/F: (615) 742-2704

*Attorneys for Defendants Envision Healthcare Corporation, et al.*

**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| UNITED STATES OF AMERICA ex rel. JACK WATERS. <br><br> Plaintiffs, <br><br> v. <br><br> ENVISION HEALTHCARE CORPORATION, ET AL., <br><br> Defendants. | **Case No.  2:19-cv-0873-TLN** <br><br> **DEFENDANTS' MOTION TO DISMISS THE COMPLAINT PER FRCP 12(b)(6)** <br><br> Date:  April 21, 2022 <br> Time:  2:00 p.m. <br> Courtroom:  2 <br><br> Honorable Troy L. Nunley |

**DEFENDANTS' MOTION TO DISMISS THE COMPLAINT**

Defendants file this Motion to Dismiss the Complaint in its entirety with prejudice pursuant to Federal Rule of Civil Procedure 12(b)(6).

Relator Jack Waters filed his Complaint on May 15, 2019, alleging that Defendants carried out two schemes in violation of the Anti-Kickback Statute ("AKS"), which resulted in the submission of false claims in violation of the False Claims Act ("FCA"). Relator first alleges that Defendants created a number of anesthesia management companies that would contract with independent licensed anesthesia providers, like himself, to provide care at AmSurg-owned surgery centers in exchange for signing over their rights to collect anesthesia reimbursement, and that this arrangement constituted a kickback by forcing anesthesia providers to accept less than the anesthesia revenue collected for their services. Relator also alleges that Defendants shared a portion of the anesthesia revenue with physicians who owned a minority stake in the surgery centers where the anesthesia services were provided in exchange for the physicians' referrals. These allegations should be dismissed for two independently sufficient reasons.

First, Relator's Complaint is barred by the FCA's public disclosure bar. 31 U.S.C. § 3730(e)(4)(A). Relator's allegations are substantially similar to prior public disclosures, including Defendant AmSurg Corp.'s public securities filings, a prior *qui tam* lawsuit against AmSurg raising nearly identical allegations, and several news media articles questioning the legality of the business model described in Relator's Complaint.[1] Relator does not qualify as an original source because he offers no independent knowledge that materially adds to these public disclosures. The only independent knowledge Relator alleges relates to his work at one surgery center in St. George, Utah, but these allegations fail to add anything sufficiently significant or essential to what had already been publicly disclosed regarding Defendants' business model before Relator filed his lawsuit.

---

[1] Contemporaneous with this Motion to Dismiss, Defendants have filed a Request for Judicial Notice of these public documents. *See Silbersher v. Valeant Pharms. Int'l, Inc.*, 445 F. Supp. 3d 393, 400 (N.D. Cal. 2020)("Courts may take judicial notice of publications introduced to indicate what was in the public realm at the time, not whether the contents of those articles were in fact true.")(quoting *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 960 (9th Cir. 2010).)

1  Because amendment would be futile where the allegations have already been publicly disclosed, Relator's Complaint should be dismissed with prejudice. *See U.S. ex rel. Carter v. Bridgepoint Educ., Inc.*, 2015 WL 4892259, at *7 (S.D. Cal. Aug. 17, 2015).

Second, Relator has failed to state a claim for relief under Rule 12(b)(6) and the heightened pleading requirements of Rule 9(b).  Relator has failed to plead the falsity of any claims submitted by Defendants because neither the assignment of anesthesia providers' billing rights nor the distribution of anesthesia profits to surgery-center physician owners amounts to an AKS violation. (*See e.g.,* HHS-OIG Advisory Opinion No. 21-15, 2021 WL 5497672 (Nov. 5, 2021)).  Relator fails to plead any additional particular facts demonstrating an AKS violation at the St. George center where he worked.  He alleges only what he was paid for his anesthesia services, his guess as to what the center collected on those services, and that the former center director once told him that the owners of the center split the anesthesia profits.  At most, these allegations confirm the basic business model existed at St. George, but they do not state a violation of the AKS, nor do they satisfy Rule 9(b).

Beyond St. George, Relator fails to state claims against the hundreds of other named Defendants in his Complaint.  He makes no specific allegations regarding any of the several dozen other freestanding surgery centers and anesthesia entities but simply lumps them together and says that "several" of the centers share anesthesia profits with physician owners and "many" knowingly submit false claims to Medicare.  (*See e.g.,* Compl. ¶ 3.)  He also vaguely alleges that Envision Healthcare Corporation, AmSurg Corp., AmSurg Holdings, Inc., AmSurg, LLC, AmSurg Finance, Inc., AmSurg Anesthesia Management, LLC, and "various other subsidiary companies" collectively provide "administrative and operational oversight of its business model" from Envision's Nashville headquarters.  (*Id*. at ¶ 174.)  These allegations fail to identify each Defendant's role in the alleged fraud with the particularity required under Rule 9(b).

/ / /

/ / /

/ / /

/ / /

Relator's Complaint should be dismissed with prejudice as to all Defendants because it is barred by the FCA's public disclosure bar and fails to state a claim under Federal Rule of Civil Procedure 12(b)(6).

DATED: March 14, 2022                    BOUTIN JONES INC.


By: */s/ Robert D. Swanson*
ROBERT D. SWANSON

**BOUTIN JONES INC.**
Robert D. Swanson SBN 162816
rswanson@boutinjones.com
555 Capitol Mall, Suite 1500
Sacramento, CA 95814-4603
T: (916) 321-4444/F: (916) 442-7597


**BASS BERRY & SIMS PLC**
Brian D. Roark (*Admitted Pro Hac Vice*)
broark@bassberry.com
Taylor M. Sample (*Admitted Pro Hac Vice*)
taylor.sample@bassberry.com
150 Third Avenue South, Suite 2800
Nashville, TN 37201
T: (615) 742-7753/F: (615) 742-2704

*Attorneys for Defendants Envision Healthcare Corporation, et al.*